NUMBER 13-00-249-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI


___________________________________________________________________

TANYA NICOLE MULLER, Appellant,

 v.

THE STATE OF TEXAS, Appellee.

____________________________________________________________________

On appeal from the 36th District Court


of San Patricio County, Texas.


__________________________________________________________________

O P I N I O N


Before Chief Justice Valdez and Justices Dorsey and Rodriguez


Opinion by Justice Rodriguez



A jury found appellant, Tanya Nicole Muller, guilty of possession of a controlled substance. See Tex.
Health & Safety Code Ann. § 481.115 (Vernon Supp. 2001). The court assessed punishment at five
years confinement in a state jail facility and a fine of one thousand dollars. The sentence was suspended
and appellant was placed on community supervision for five years. By two points of error, appellant
contends she was denied effective assistance of trial counsel and due process. We affirm. 

Appellant and co-defendant, Joe Galindo, were stopped for a traffic violation while driving in Portland,
Texas. Based on each individual's demeanor, the police officer decided to ask for permission to search
the vehicle. Appellant consented to the search verbally and in writing. The officer discovered cocaine in a
plastic bag inside a package of cigarettes. The cigarettes were found in a handbag, along with appellant's
identification card. Appellant testified on direct examination that the handbag in the vehicle belonged to
her. She gave a description of the contents in the handbag to the officers. Her description, however,
differed from what the officers found. Appellant testified she told the officers the cocaine was not hers,
and that she had no idea how the cocaine got there or to whom it belonged. On cross-examination, she
stated the officers who testified were confused and mistaken about the contents of her handbag and the
location of her identification card. Appellant did not file a motion for new trial, but filed a timely notice of
appeal.

In her first point of error, appellant claims she was denied her Sixth Amendment right to effective
assistance of trial counsel. A defendant must pass a two pronged test to prevail on an ineffective
assistance of counsel claim. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Vasquez v. State,
830 S.W.2d 948, 949 (Tex. Crim. App. 1992). First, the defendant must show that counsel's
performance fell below an objective standard of reasonableness, by identifying acts or omissions showing
that counsel's performance was deficient. See Strickland, 466 U.S. at 687; Hernandez v. State, 988
S.W.2d 770, 772 (Tex. Crim. App. 1999). Second, the defendant must show that there is a reasonable
probability that, but for counsel's unprofessional errors, the outcome of the proceedings would have been
different. See Strickland, 466 U.S. at 687; Sanders v. State, 963 S.W.2d 184, 190 (Tex. App.-Corpus
Christi 1998, pet.ref'd). Counsel's performance must be gauged by the totality of his or her
representation. See Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981). A claim of
ineffective assistance of counsel will only be upheld if it is firmly in the record and the record affirmatively
demonstrates counsel's alleged ineffectiveness. See Ex parte McWilliams, 634 S.W.2d 815, 819 (Tex.
Crim. App. 1980). 

Appellant first claims trial counsel was ineffective for failing to object when the prosecution questioned
police witnesses about her alleged post-arrest silence. Appellant failed to provide citations to the record
and we are unable to find any such questioning in the record. Accordingly, appellant has failed to present
this issue for our review. See Tex. R. App. P. 33.1; Wheatfall v. State, 882 S.W.2d 829, 836 (Tex. Crim.
App. 1994). 

Appellant does direct this Court to her own testimony in which she was questioned about her post-arrest
silence. We conclude, however, that trial counsel was not ineffective in failing to object to this
questioning and testimony.

Generally, it is error for the State to comment on the post-arrest silence of the accused, question the
accused regarding that silence should she or he take the stand, or argue that the silence implies guilt. 
See Doyle v. Ohio 426 U.S. 610, 619 (1976); Sanchez v. State 707 S.W.2d 575, 580 (Tex. Crim. App.
1986). The only colloquy related to appellant's alleged silence transpired during her cross-examination:

Counsel for State: Did the officers ask you who the drugs belonged to?

Appellant: Yes. 

Counsel for State: And you remained silent. You didn't say? 

Appellant: No, I said I had no idea how the cocaine got in there or whose it was. How could I know
whose they were if I didn't know it was there.

From the above testimony, appellant's right to remain silent was not invoked or violated because appellant
testified she was not silent. We are unable to find any evidence in the record that appellant chose to
remain silent. Therefore, trial counsel was not ineffective for failing to object to questioning regarding her
alleged silence, and appellant has failed to establish the first prong of Strickland.

Furthermore, appellant has failed to show that, but for trial counsel's failure to object, the result would
have been different. See Strickland, 466 U.S. at 687. Appellant did not file a motion for new trial, and
thus, no hearing was held to develop testimony regarding her allegation of ineffective assistance. 
Appellant points to only one alleged line of questioning by the prosecution that concerns the alleged
silence of the appellant, no contention is made that the remark was repeated or directly linked with
defendant's exculpatory story, and the prosecution did not repeat the testimony or comment on the
testimony during closing argument. More importantly, appellant's testimony indicated that she did not
remain silent. Testimony given by other witnesses also indicates that she did not remain silent. Thus,
appellant has failed to establish the second prong of Strickland.

Appellant next complains that counsel was ineffective for announcing in front of the jury that the co-defendant, Joe Galindo, would be a defense witness. In fact, there was no such announcement by trial
counsel. The record shows that the trial court inquired about Galindo's presence in the courtroom and
asked if Galindo had been subpoenaed. Appellant's counsel answered yes. The trial court swore in
Galindo at which time he expressed his intention of invoking his Fifth Amendment right to remain silent.
According to appellant, her trial counsel was ineffective for answering affirmatively that Galindo had been
subpoenaed, because it led the jury to the inference that Galindo would be a defense witness. 

Our review of trial counsel's performance must be highly deferential. See id. at 689; Garcia v. State,
887 S.W.2d 862, 880 (Tex. Crim. App. 1984). The review must employ a strong presumption that
counsel's conduct constitutes sound trial strategy. See Strickland, 466 U.S. at 689; Miniel v. State 831
S.W.2d 310, 323 (Tex. Crim. App. 1992). Even assuming that the conversation exchanged by the court
and appellant's counsel could be construed as announcing that Galindo would be a defense witness, we
cannot say the decision to do so was not sound trial strategy. The defense's theory was based on the
inference that Galindo, and not appellant, possessed the cocaine. The defense elicited testimony from the
officers that Galindo admitted the cocaine was his. Therefore, announcing that Galindo had been
subpoenaed coupled with Galindo's statement that he was invoking his Fifth Amendment rights, could
have bolstered the defense's theory that Galindo, and not appellant, possessed the cocaine. Galindo's
refusal to testify could have been interpreted by the jury as an inference of his own guilt rather than
appellant's. Again, appellant did not file a motion for new trial, and no hearing was held to develop
testimony regarding any trial strategy. Therefore appellant has failed to overcome the presumption that
trial counsel exercised sound trial strategy. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). 

Even if we were to find that trial counsel acted deficiently, we cannot say that, but for counsel's deficient
performance, the result of the proceeding would have been different. See Strickland, 466 US at 687. A
reasonable probability is a probability sufficient to undermine the confidence in the outcome. See Nix v.
Whiteside, 475 U.S. 157, 175 (1986). Based on the facts, there is no showing that appellant's counsel
undermined confidence in the outcome of appellant's trial. Appellant's first point is overruled. 
In her second point, appellant complains that she was denied due process and a fair trial when the court
failed to stop the State from examining witnesses about appellant's refusal to talk to the police once
arrested and in custody after being warned of her right to remain silent. As mentioned above, appellant
failed to direct this Court to the complained of testimony. See Tex. R. App. P. 33.1. Even assuming
appellant had properly presented this complaint, appellant's testimony indicated that she did not remain
silent but made several comments to officers. Because appellant did not, in fact remain silent, the trial
court did not err in allowing the state to examine witnesses about appellant's comments to police.

Accordingly, we overrule appellant's second point of error. The trial court's judgment is affirmed.


NELDA V. RODRIGUEZ

Justice


Do not publish. Tex. R. App. P. 47.3. 

Opinion delivered and filed

this 16th day of August, 2001.