Israel VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 1095–90.

Court of Criminal Appeals of Texas, En Banc.

Jan. 15, 1992.

Kenneth P. Mingledorff, Houston (on appeal only), for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron and Joe King, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of possession of a firearm by a felon. His offense was enhanced with two prior convictions; the jury sentenced him to ninety-nine years in the penitentiary. His conviction was affirmed. *Vasquez v. State*, 796 S.W.2d 555 (Tex.App.—Houston [1st] 1990).

Appellant petitioned this Court for discretionary review and we granted review to decide whether the Court of Appeals erred in holding that appellant received effective assistance of counsel.

■ Appellant asserted in the Court of Appeals and urges herein that "his trial counsel was ineffective because he failed to research the law regarding [the] defenses available, . . . pursued a defense that was unavailable [ (self-defense) ], and did not urge the only defense raised by the evidence, namely, the defense of necessity." *Vasquez*, at 558. Specifically, appellant argues that his counsel should have requested the trial court to instruct the jury on the defense of necessity. We agree.

■ The proper standard by which we review the adequacy of representation at the guilt-innocence stage of a trial is that articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by this Court in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Cr. App.1986). *See also Ex parte Walker*, 777 S.W.2d 427, 430 (Tex.Cr.App.1989).

*Strickland* requires a two-step analysis. First, the reviewing court must decide whether trial counsel's performance failed to constitute "reasonably effective assistance." Put another way, the question is whether the attorney's representation fell below an objective standard of reasonableness under prevailing professional norms? *Id.* If the attorney's performance did fall below the accepted standard, it must then be decided whether there is a "reasonable probability that the result of the trial would have been different," but for counsel's deficient performance. *Id. Strickland* defines a "reasonable probability" as "probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

■ Chapter Nine of the Texas Penal Code provides that "[i]t is a defense to prosecution that the conduct in question is justified under this chapter." V.T.C.A. Pe-

nal Code, § 9.02. The Code further provides:

> conduct is justified if:
>
> (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
>
> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct; and
>
> (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

V.T.C.A. Penal Code, § 9.22.

The legislature has not excluded the justification of necessity as a defense to the offense of possession of a firearm by a felon. *See* V.T.C.A. Penal Code, § 46.05. Nor has it legislatively been excluded as a defense when an offense is enhanced. *See* V.T.C.A. Penal Code, §§ 12.42 and 12.43. Indeed, this Court has held that necessity is a defense available to a defendant charged with the lesser included offense of unlawfully carrying a weapon. *Johnson v. State*, 650 S.W.2d 414 (Tex.Cr.App.1983); *Armstrong v. State*, 653 S.W.2d 810 (Tex. Cr.App.1983); and *Hazel v. State*, 534 S.W.2d 698 (Tex.Cr.App.1976).

■ The facts of this case do raise the issue of necessity. Appellant testified that he had been a "building tender" in the Texas Department of Corrections [1] while he was in prison in the period prior to the Ruiz [2] litigation. Further, he stated that as a result of his being a building tender while incarcerated, he was still in danger of being killed by ex-members of prison gangs even though he no longer resided within the prison walls. Specifically, appellant testified that shortly before the events in

this case, he was in Ben Taub Hospital, recovering from a ruptured disk he had sustained as a result of having been kicked in the back by a released prison gang member. He claimed that he was kidnapped from Ben Taub Hospital by ex-members of a prison gang, and was being held captive at the time of this offense. He stated that he escaped from his kidnappers when the man guarding him was distracted so that appellant was able to grab a gun and escape. Subsequent to taking the gun, appellant walked through a convenience store parking lot. He was observed by a bystander who informed a police officer that there was a man with a gun at the convenience store. Appellant was subsequently arrested. While sitting in the arresting officer's patrol car appellant told the officer that "someone" was "out to get him." He also told the officer that two men with machine guns were at the convenience store and would shoot him if they saw him.

Appellant's trial counsel did not request a special instruction on necessity, nor did he object to the court's charge. The State argued that this did not constitute ineffective assistance of counsel because necessity is not a defense to this crime.

■ The Court of Appeals found that the defense of necessity is available in a prosecution for possession of a firearm by a felon, under appropriate facts. The Court of Appeals held, however, that "[i]n the absence of case law at the time of trial holding that necessity is a defense to [this] offense ... and in view of the totality of the representation of appellant ... we find that appellant was afforded reasonably effective assistance of counsel." As to those defenses which are not recognized by statute, the Court of Appeals' opinion is correct,[3] but incomplete. In this case there is a specific statute to be considered.

---

**1.** Now the Texas Department of Criminal Justice, Institutional Division.

**2.** *Ruiz v. Estelle*, 688 F.2d 266 (5th Cir.1982), *cert. denied* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1982); see also 679 F.2d 1115 (5th Cir.1982), 666 F.2d 854 (5th Cir.1982), 650 F.2d 555 (5th Cir.1981); see also 553 F.Supp. 567 (S.D.Tex.1982), and 503 F.Supp. 1265 (S.D.Tex. 1981). A recitation of the facts and ramifica-

tions of that case is not necessary here. Suffice it to say that prior to *Ruiz*, building tenders performed many of the tasks now performed by guards, and were, therefore, looked upon with disdain and hatred by other prisoners.

**3.** We combine this with the common sense realization that just because a competent defense attorney recognizes that a particular defense *might* be available to a particular offense, he or

A defense may be recognized two ways: by the legislature, or by the courts. Since the necessity defense is specifically recognized by the legislature in the Penal Code, we find that counsel's performance did not satisfy the "objective standard of reasonableness under prevailing professional norms." Although the trial court's rulings barred the presentation of other evidence to corroborate appellant's version of the facts, appellant's testimony sufficiently raised the necessity defense.

We distinguish affirmatively "urging" a defense from simply recognizing that a defense has been raised by the evidence. Counsel should have recognized that appellant's testimony was sufficient to raise the defense, and that appellant had nothing to lose by requesting a defensive instruction. Without giving the jury an opportunity to consider a defense, conviction was, as Justice Cohen notes, "a foregone conclusion...." *Vasquez*, at 562 (Cohen, J., dissenting).

Under the facts of this case, it would have been error for the trial court to refuse such an instruction, had one been requested. Counsel's performance in not seeking the instruction was clearly deficient.[4] Appellant's ground of review is sustained.

As discussed above, *Strickland* requires a two-step analysis by the reviewing court.

Because the evidence did raise the defensive issue of necessity, and because appellant's counsel failed to request a jury instruction on the issue, the jury was precluded from giving effect to appellant's defense. That in itself undermines our confidence in the conviction sufficiently to convince us that the result of the trial might have been different had the instruction been requested and given.

she could also decide it would be inappropriate to propound such a defense in a given case. Although *Strickland* mandates that we should not second-guess trial strategy, we state without hesitation that the failure to seek an instruction on necessity would not have been acceptable trial strategy under the facts of this case.

**4.** From the record it appears trial counsel failed to conduct any independent investigation into the facts. Additionally, it appears that counsel had not fully researched the law regarding the

Accordingly, we reverse the judgment of the Court of Appeals; the defendant is remanded to the custody of the Sheriff to answer the indictment herein.

BENAVIDES, Judge, dissenting.

I dissent because I do not believe that a direct appeal can adequately explore the complete circumstances of the ineffective assistance claim presented. In this case, I would affirm the conviction without prejudice to the appellant to develop his ineffective assistance claim in a habeas corpus proceeding. Given the implausibilty of the appellant's trial testimony, defense counsel may have intentionally opted not to request and argue a necessity defense to the jury which was also to determine punishment. By addressing the issue on direct appeal, we shall never know, and the State has been denied the opportunity to develop, the circumstances surrounding counsel's failure to request an instruction on necessity.

McCORMICK, P.J., and WHITE, J., join.

offense, as evidenced by his total lack of awareness about which defenses, if any, were available to his client, and that he advised the trial court that his presentation of a defense came from appellant's research in Corpus Juris. Finally, after trying unsuccessfully several times to present evidence regarding the alleged kidnapping, he failed to re-urge such evidence after the State's attorney had "opened the door" to such evidence in cross-examination.