NO. 12-02-00028-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


GEORGE ADKINS,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 George Adkins ("Appellant") appeals his conviction for possession of a firearm by a felon,
for which he was sentenced to imprisonment for eighteen years. Appellant raises one issue on
appeal. We affirm.


Background

 On Sunday, July 8, 2001, Sheriff's Deputy William Bragg ("Bragg") responded to a 9-1-1
call placed by Appellant's sister and drove to Appellant's home. Seeing Bragg approaching,
Appellant ran into his house and put a small pistol into his back pocket. When confronted by Bragg,
Appellant gave Bragg the unloaded pistol. At trial, Appellant testified that he told Bragg that on the
preceding Friday, Appellant's wife, Sharlimar, had pointed the pistol at him and that he did not want
the pistol in either his or his wife's presence any longer. Appellant testified that when Sharlimar had
pointed the pistol at him, he initially panicked for his life, but was able to take the gun from her and
hide it. Appellant testified that he did not throw the pistol away because Sharlimar had threatened
to tell the police he had stolen it from her. Rather, Appellant hid the pistol in his closet, where it
remained, untouched until he gave it to Bragg.

 At trial, Appellant's attorney did not request an instruction on the defense of necessity in the
jury charge, nor did he make any objection on that basis. The jury ultimately found Appellant guilty
as charged, the trial judge sentenced Appellant to imprisonment for eighteen years, and this appeal
followed.


Ineffective Assistance of Counsel

 In his sole issue, Appellant contends that his trial counsel was ineffective because he failed
to request an instruction on the defense of necessity in the jury charge or make any objection to the
jury charge on such grounds.

 The proper standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in
Strickland requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did
the defense attorney's representation fall below an objective standard of reasonableness
under prevailing professional norms? 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceedings could have been different?




See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Strickland is properly applied to the
punishment phase of a non-capital case as well. See Hernandez, 988 S.W.2d at 772. 

 A "reasonable probability" was defined by the Supreme Court as a "probability sufficient to
undermine confidence in the outcome" of the case. Id. Counsel is strongly presumed to have
rendered adequate assistance and to have made all significant decisions in the exercise of reasonable
professional judgment. See Hernandez, 726 S.W.2d at 55. The burden is on the appellant to
overcome that presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.-Texarkana 2000,
pet. ref'd). The appellant must show specific acts or omissions that constitute ineffective assistance
and affirmatively prove that those acts fall below the professional norm for reasonableness. Id. 

 After proving error, the appellant must affirmatively prove prejudice. Id. The appellant must
prove that his attorney's errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. Id. It is not enough for the appellant to show that the
errors had some conceivable effect on the outcome of the proceedings. Id. He must show that there
is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable
doubt about his guilt. Id. 

 Appellant cites Vasquez v. State, 830 S.W.2d 948 (Tex. Crim. App. 1992) in support of his
proposition that his trial counsel's failure to request an instruction on the defense of necessity in the
jury charge or otherwise object to the charge on that basis amounted to ineffective assistance. In
Vasquez, the court of criminal appeals held that such inaction by trial counsel amounted to
ineffective assistance of counsel where there was evidence to support the defense of necessity. Id.
at 950. The court noted that Vasquez testified that he had been a "building tender" in the Texas
Department of Corrections while he was in prison and, as a result, was in danger of being killed by
ex-members of prison gangs even though he no longer resided within the prison walls. Id. Vasquez
testified that he was kidnaped from Ben Taub Hospital in Houston by ex-prison gang members and
had managed to escape by grabbing a gun when one of his captors was distracted. Id. Even after
Vasquez was arrested for possession of a firearm by a felon and was sitting in the arresting officer's
patrol car, he told the arresting officer that someone was out to get him and that two men with
machine guns were at the convenience store where he was arrested and would shoot him if they saw
him. Id. For the reasons set forth below, we find the facts of Vasquez to be distinguishable from
the case at hand. 

 A charge on a defensive issue is required if the accused presents affirmative evidence that
would constitute a defense to the crime charged and a jury charge is properly requested. See Miller
v. State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). In determining whether evidence raises a
defense, the credibility of the evidence is not at issue. See Warren v. State, 565 S.W.2d 931, 933-34
(Tex. Crim. App. 1978). If a defendant produces evidence raising each element of a requested
defensive instruction, he is entitled to the instruction regardless of the source and strength of the
evidence. See Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). Under the defense of
necessity, conduct is justified if (1) the actor reasonably believes the conduct is immediately
necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly
outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the
law prescribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the
conduct does not otherwise plainly appear. See Tex. Pen. Code. Ann. § 9.22 (Vernon 1994). 

 In the instant case, the State of Texas (the "State") argues that Appellant presented no
evidence supporting that he reasonably believed his possession of the firearm was immediately
necessary to avoid imminent harm. We agree. The court of criminal appeals has defined
"imminent" as meaning "near at hand." See Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim. App.
1989); Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); see also Black's Law
Dictionary 676 (5th ed. 1979) ("imminent" means "near at hand" and "on the point of happening";
"imminent danger" means "immediate danger, such as must be instantly met.") Thus, an event is
"near at hand" when it is on the verge of happening. See Hill v. State, 844 S.W.2d 937, 938 (Tex.
App.-Eastland 1992, no pet). Here, since Appellant remained in possession of the pistol for two
days following the incident in which he took it from his wife, and there is no indication from the
record that Sharlimer was threatening him with imminent harm, or that Appellant otherwise
reasonably believed that he was subject to imminent harm, submission of an instruction in the jury
charge on the defense of necessity would have been improper. As such, we hold that Appellant's
trial counsel's failure to request an instruction in the jury charge on the defense of necessity did not
amount to performance falling below an objective standard of reasonableness under prevailing
professional norms. Therefore, since Appellant has failed to satisfy his burden under Strickland, we
hold that he was not denied his right to effective assistance of counsel. Appellant's sole issue is
overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered July 17, 2002.

Panel consisted of Worthen, J., and Griffith, J.

Gohmert, C.J., not participating

 




(DO NOT PUBLISH)