COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
CHRISTOPHER CLINTON HUSSEY,              )                  No. 08-05-00051-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  199th District Court
)
THE STATE OF TEXAS,                                   )                  of Collin County, Texas
)
                                    Appellee.                          )                  (TC# 199-82109-02)

O P I N I O N

            Appellant appeals his two-count conviction of aggravated robbery. He pled guilty and was
sentenced by a jury to twenty years’ confinement on each count. Finding no ineffective assistance
of counsel, we affirm. 
FACTUAL SUMMARY
            On the afternoon of September 1, 2002, Appellant entered an Eckerd’s store located in Collin
County. The pharmacist and a cashier were working in the pharmacy. The cashier was manning the
prescription drop/pick up counter when Appellant approached him with a gun. He was looking for
Xanax and Valium and the pharmacist handed him one bottle of Valium and four bottles of Xanax. 
Appellant did not steal any other items and did not attempt to conceal his identity. 
            Police officers arrived on the scene and reviewed the video surveillance. Detective Luke
Grant noticed the robber looked familiar. A broadcast was placed to all area agencies regarding the
aggravated robbery. Shortly thereafter, Detective Grant received a phone call from Detective Pat
Hussey of the Plano Police Department. Detective Hussey had learned that his son committed the
robbery and he believed his son was suicidal. Detective Grant then recognized Appellant as a former
student in his Drug Abuse Resistance Education Program. Appellant was eventually apprehended
by police in Grayson County, near the Oklahoma border.
INEFFECTIVE ASSISTANCE OF COUNSEL
            In his sole issue for review, Appellant claims he was denied the effective assistance of
counsel in violation of his Sixth and Fourteenth Amendment rights. Specifically, he contends his
attorney failed to secure a hearing on the motion for new trial. 
Standard of Review
            We review claims of ineffective assistance of counsel under a two-pronged test. First, an
appellant must establish counsel’s performance fell below an objective standard of reasonableness
under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 693-94, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984); Mallett v. State, 65 S.W.3d 59, 62-63 (Tex.Crim.App. 2001); Vasquez
v. State, 830 S.W.2d 948, 949 (Tex.Crim.App. 1992). Secondly, he must demonstrate there is a
reasonable probability that the result of the proceeding would have been different but for counsel’s
deficient performance. Strickland, 466 U.S. at 687, Mallett, 65 S.W.3d at 62-63. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Mallett, 65 S.W.3d
at 63. Claims of ineffective assistance must be proved by a preponderance of the evidence. Bone
v. State, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002). 
            There is a strong presumption that counsel’s conduct falls within a wide range of reasonable
professional assistance. Mallett, 65 S.W.3d at 63. In essence, this requires that the defendant 
overcome the presumption that the challenged action might be considered sound trial strategy.
Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). To defeat the presumptions,
allegations of ineffectiveness of counsel must be firmly founded in the record. Mallett, 65 S.W.3d
at 63, citing Thompson v. State, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). Usually, the record on
a direct appeal will not be sufficient to show that counsel’s representation was so deficient as to meet
the first prong of the Strickland standard because the reasonableness of counsel’s choices often
involve facts that do not appear in the appellate record. Rylander v. State, 101 S.W.3d 107, 110
(Tex.Crim.App. 2003), citing Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). In the
majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the
motives behind trial counsel’s actions. Mallett, 65 S.W.3d at 63.
Failure to Secure A Hearing
            Following the entry of judgment, trial counsel filed a notice of appeal. Three days later,
Appellant filed a pro se motion for new trial along with a sworn affidavit, contending that his
attorney rested without consulting him and failed to give him the option of testifying on his own
behalf. The trial court took the pro se motion under advisement. Some two weeks later, the court
appointed J. Mark Bragg as appellate counsel. Bragg has since been replaced by Lawrence Mitchell
who now represents Appellant on appeal. The motion for new trial was overruled by operation of
law.
            The record is silent as to why Bragg failed to request a hearing on Appellant’s motion for
new trial. Counsel should ordinarily be afforded an opportunity to explain his actions before being
denounced as ineffective. Bone, 77 S.W.3d at 836. Mere failure to request a hearing does not
establish ineffective assistance because motion for new trials are often used simply to extend
appellate timetables. Yarbrough v. State, 57 S.W.3d 611, 616 (Tex.App.--Texarkana 2001, pet.
ref’d), citing Oldham v. State, 977 S.W.2d 354, 361 (Tex.Crim.App. 1998). Because the record is
silent as to counsel’s motivation, an application for writ of habeas corpus would be a more
appropriate vehicle. Rylander, 101 S.W.3d at 110-11. Since Appellant has not overcome the strong
presumption that counsel’s conduct was reasonable we overrule his sole issue and affirm the
judgment of the trial court. 

February 9, 2006                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)