Affirmed and Memorandum Opinion filed April 27, 2006









Affirmed and Memorandum Opinion filed April 27, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00896-CR

_______________

 

ANTONIO ARREDONDO III, 
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                              
                 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 957,451

                                                                                                                                      
         

 

M E M O R A N D
U M  O P I N I O N

Appellant, Antonio Arredondo III, appeals his conviction for
aggravated assault.  In three issues,
appellant contends that (1) the evidence is legally and factually insufficient
to support his conviction, (2) the trial court erred by refusing to grant a new
trial, and (3) appellant was denied effective assistance of counsel.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.   

 








I. 
Background

On August 1, 2003, a fight broke out at a local bar between
appellant and the complainant.  The two
men had a lengthy history of animosity, and both testified as to their mutual
dislike for each other.  Appellant=s wife was involved in a romantic
relationship with the complainant before she married appellant.  The complainant testified that he tried to Awin her [appellant=s wife] back@ after she was married.  He also testified that he called appellant=s parole officer on two occasions to
report misconduct.  After appellant was
arrested for assaulting the complainant, appellant=s wife moved in with the complainant
because she had Anowhere else to go.@ 
The complainant testified that appellant=s wife was Akind of [his] girlfriend,@ but appellant=s wife testified that she and the
complainant were not romantically involved.    


Both appellant and the complainant testified that they Abumped into each other@ at the bar the evening of the
offense.  However, the two men offered
different versions as to who instigated the fight.  The complainant testified that appellant hit
him in the head with a beer bottle as he was exiting the bar to get cigarettes
from his car.  Appellant denied striking
the complainant with a beer bottle and testified that he and the complainant
exchanged words at the entrance to the bar. 
According to appellant, the complainant struck him first with his fist
after appellant said Adon=t get mad at me because you can=t hold a woman.@ 

A jury found appellant guilty of aggravated assault.  Appellant entered a plea of  Atrue@ to two enhancement paragraphs for
prior felony convictions, and the jury assessed punishment at thirty-three
years= imprisonment.

II. 
Legal and Factual Sufficiency








In his first issue, appellant contends that the evidence is
legally and factually insufficient to support his conviction.  A person commits aggravated assault if,
during the course of committing an assault, he or she uses or exhibits a deadly
weapon.  Tex. Pen. Code Ann. ' 22.02(a)(2) (Vernon Supp.
2005).  A 
Adeadly weapon@ is Aanything that in the manner of its
use or intended use is capable of causing death or serious bodily injury.@ Tex.
Pen. Code Ann.  ' 1.07(a)(17)(B) (Vernon Supp.
2005).  Appellant concedes that a beer
bottle can be used as a Adeadly weapon,@ but argues there is insufficient
evidence to support the jury=s finding that appellant hit the complainant with a beer
bottle. 

In reviewing the evidence for legal sufficiency, we must view
all evidence in the light most favorable to the verdict in order to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Vodochodsky v. State, 158
S.W.3d 502, 509 (Tex. Crim. App. 2005). 
We must resolve any inconsistencies in the testimony in favor of the
verdict.  Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988).  

In reviewing the evidence for factual sufficiency, we must
view all of the evidence in a neutral light, and must set aside the verdict
only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996).  Evidence may be
factually insufficient if (1) the evidence supporting the verdict alone is too
weak to justify a finding of guilt beyond a reasonable doubt, or (2) the
contrary evidence is so strong that it would prevent a reasonable jury from
finding guilt beyond a reasonable doubt. 
Zuniga v. State, 144 S.W.3d 477, 484C85 (Tex. Crim. App. 2004).

Here, the complainant testified that appellant hit him twice
in the back of the head with what felt like a beer bottle as he stepped outside
to get cigarettes.  However, the
complainant never saw a beer bottle in appellant=s hands.  Appellant denied using a beer bottle to hit
the complainant and claimed the two men fought with their fists.  








A self-described friend of both complainant and appellant
testified that as he walked out the door, he did not see anything in appellant=s hands.  A police officer testified that the same
witness called the police two months after the incident to report that he had
seen appellant break a beer bottle over a pool table before he exited the bar.  However, at trial, the witness denied making
the report.  

Two other witnesses, appellant=s wife and her seventeen-year-old
daughter from a previous relationship, testified that they saw the fight.   Neither witness saw appellant with a beer
bottle in his hands as he left the bar or during the course of the ensuing
fight.  In addition, appellant=s wife testified that the complainant
once Asmacked somebody with a beer bottle@ in another fight, and the daughter
testified that she saw the complainant attempt to trip appellant at the bar
earlier that evening.

A nurse testified that a laceration on the complainant=s ear could be consistent with an
injury inflicted by a broken beer bottle. 
She further testified that medical personnel removed several small
pieces of glass from a cut on the complainant=s forehead.  However, other testimony indicated that there
were rocks and pieces of glass on the ground outside the bar where appellant
and complainant fought.  There was no
evidence to indicate whether the complainant fell during the course of the
fight.  A police officer testified that
he searched the area outside the bar the morning after the offense but did not
find any beer bottles or notice any signs of blood.   








Viewing the evidence in the light most favorable to the
verdict, we find the evidence legally sufficient to support the jury=s finding that appellant hit the
complainant with a beer bottle.  In the
absence of direct evidence, the State may rely on circumstantial evidence to
establish the use of a deadly weapon.  Webber
v. State, 757 S.W.2d 51, 54 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d).  
A rational jury could find that appellant used a Adeadly weapon@ during the course of an assault when
presented with (1) the complainant=s testimony that he was hit with what
he thought was a beer bottle, (2) the medical evidence that the complainant=s injury to his ear was consistent
with an injury inflicted by a broken beer bottle, and (3) the officer=s testimony that he received a report
from a witness that appellant had broken a beer bottle on the pool table
immediately before the incident.   

Viewing the evidence in a neutral light, we also find the
evidence factually sufficient to support the jury=s finding that appellant used a
deadly weapon.  Although no witnesses
testified that they saw appellant with a beer bottle during the fight, none of
the witnesses testified that they saw the events leading up to the fight.  Further, we must defer to the jury=s determinations involving witness
credibility and demeanor.  Zuniga,
144 S.W.3d at 481.  Here,  the jury could have reasonably disbelieved
appellant=s testimony that he did not hit the
complainant with a beer bottle because his testimony was inconsistent with the medical
evidence.  Therefore, we cannot conclude
that the verdict was contrary to the overwhelming weight of the evidence.  Because we find the evidence legally and
factually sufficient to support his conviction, we overrule appellant=s first issue. 

III. 
Motion for New Trial 

In his second issue, appellant contends that the trial court
erred by refusing to grant a new trial based on newly discovered evidence.  At the hearing on appellant=s motion for new trial, appellant
presented testimony from a witness who saw the fight between appellant and
complainant.  The witness explained that
she and appellant were good friends in high school but had not talked in about
two years.  She testified that she was in
her car in the parking lot of the bar on the night of fight.  While she waited for her husband to return
from the bathroom, she saw appellant exit the bar, followed by the complainant.  The two men appeared to be arguing and that
the complainant hit appellant first.  She
also testified that in the ensuing fist fight, neither appellant nor
complainant had a beer bottle or other weapon. 









            We
review the trial court=s ruling on a motion for new trial for abuse of
discretion.  Keeter v. State, 74
S.W.3d 31, 37 (Tex. Crim. App. 2002).  A
motion for new trial based on newly discovered evidence is properly granted
when the following four-part test is satisfied: 

(1) the newly discovered evidence was unknown or
unavailable to the movant at the time of his trial; 

 

(2) the movant=s
failure to discover the evidence was not due to a lack of diligence;

 

(3) the new evidence is admissible and not merely
cumulative, corroborative, collateral, or impeaching; and 

 

(4) the new evidence is probably true and will
probably bring about a different result on another trial.  

 

Id. at 36B37.








Assuming the evidence was unknown to appellant at the time of
his trial, appellant=s motion could have been properly denied for failure to
satisfy any one of the remaining three factors. 
The trial court could have concluded that appellant=s failure to discover a friend who
witnessed the fight was due to a lack of due diligence.  In addition, the witness=s testimony was cumulative.  Other witnesses testified at trial that they
did not see either appellant or the complainant with a beer bottle.  Moreover, the witness=s testimony is of questionable weight
and credibility.  The witness is a
self-described friend of appellant=s, and her testimony that appellant
did not hit the complainant with a beer bottle or other weapon is inconsistent
with the medical evidence.  The witness=s testimony that the appellant left
the bar first is also inconsistent with the testimony of both appellant and the
complainant indicating that the complainant was the first to leave the
bar.  When evidence of questionable weight
and credibility is unlikely to bring about a different result upon a new trial,
the trial court is within its discretion to deny the motion.  See Jones v. State, 711 S.W.2d 35, 37
(Tex. Crim. App. 1986).  Accordingly, we
conclude that the trial did not abuse its discretion by denying appellant=s motion for new trial.  Appellant=s second issue is overruled.

 

IV. 
Ineffective Assistance of Counsel

In his third issue, appellant contends that he was denied
effective assistance of counsel.  In
evaluating an ineffective assistance of counsel claim, we apply a two-prong
test. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  First, we must determine whether the attorney=s performance was deficient, i.e.,
that the performance fell below an objective standard of reasonableness under
the prevailing professional norms.  Strickland,
466 U.S. at 687C88.  If we find the
attorney=s performance deficient under the
first prong, then we must determine whether the deficient performance
prejudiced the defense to such a degree that the defendant was deprived of a
fair trial.  Id. at 687.

Appellant argues that his attorney=s performance was deficient because
he failed to request a jury instruction regarding self-defense.  Appellant cites Vasquez v. State, in
which the Court of Criminal Appeals held that the failure to request an
instruction on the defense of necessity rendered counsel=s performance deficient under the
first prong of Strickland.  830
S.W.2d 948, 951 (Tex. Crim. App. 1992). 
However, in Vasquez, the defendant admitted the acts constituting
the elements of the crime and necessity was the only available defense.  Id. at 950B51. 
Here, appellant argued at trial that the State failed to prove beyond a
reasonable doubt that he used a beer bottle as a deadly weapon.  Appellant did not admit to hitting the
complainant with a beer bottle and did not argue at trial that he acted in
self-defense.  See Young v. State,
991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (finding counsel=s performance was not deficient for
failure to request a jury instruction on the defense of necessity when the
defendant did not admit to the crime but argued instead that he did not have
the requisite intent and did not perform the actions as alleged by the
State).  








There is a strong presumption that an attorney=s performance falls within the range
of reasonable assistance.  See
Strickland, 446 U.S. at 689. Therefore, when there is a possibility that an
attorney=s decision could have been the result
of objectively reasonable trial strategy and the reasons for the attorney=s conduct do not appear in the
record, we must defer to the attorney=s judgment.  See Freeman v. State, 125 S.W.3d 505,
506 (Tex. Crim. App. 2003); Murphy v. State, 112 S.W.3d 592, 601 (Tex.
Crim. App. 2003); Ortiz v. State, 93 S.W.3d 79, 88B89 (Tex. Crim. App. 2002).   Here, the attorney=s decision not to argue self-defense
in the alternative could have been the result of a strategical decision to
focus on a single exculpatory theory. 
Appellant did not file a motion for new trial, and the record does not
contain any evidence indicating the motivation behind the attorney=s decision.  Accordingly, appellant has failed to rebut
the presumption that his attorney=s conduct fell within the wide range
of reasonably professional assistance. 
Appellant=s third issue is overruled.

 The judgment of the
trial court is affirmed.  

 

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed April 27, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).