

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00616-CR

JERRY ROSS CONN

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The jury convicted Appellant Jerry Ross Conn of unlawful possession of a firearm by a felon and assessed his punishment at 18 years' confinement. The trial court sentenced him accordingly. Appellant brings a single point on appeal, arguing that the trial court erred by refusing his requested jury instruction on

---

[1]*See* Tex. R. App. P. 47.4.

necessity. Because Appellant was not entitled to the jury instruction on necessity, we affirm the trial court's judgment.

Deputy Terrell Hayward testified that on March 28, 2011, he was dispatched to 107 Syble Jean Court in south Tarrant County for an alleged violation of a protective order. A pickup identified by the person protected by the protective order as belonging to the suspect on that call, Kevin Searcy, was located behind Appellant's home at nearby 104 Syble Jean Court. Officers confirmed that the pickup was registered to Kevin. Believing that Kevin might be visiting in Appellant's home, officers announced that they were the "Sheriff's [D]epartment" and knocked on the back door of that home, and someone told the officers to "[g]et off [his] land." The police kept knocking, and then, according to the police, Appellant opened the door and pointed a shotgun at Hayward and Sergeant Mia Toines, who took the shotgun from Appellant.

An elderly woman, Ms. Doris Bishop, arrived and said that Appellant was her tenant.

Appellant was arrested for unlawful possession of a firearm by a felon.

The indictment charged Appellant with committing the offense on or about March 28, 2011. Appellant testified that he was on felony probation when he was arrested. Appellant denied pointing the shotgun at the police.

Appellant and Kevin also both testified that they had taken the gun out earlier on the day of Appellant's arrest to shoot horse apples. While the evidence was conflicting whether Appellant had actually shot the gun, there was no dispute

2

that he let Kevin shoot the apples and that Appellant put the gun away after they were finished.

Appellant has arthritis and two artificial knees and has had a total of seven surgeries on his knees. He also has a bad shoulder. He can walk only slowly. On one occasion before the incident, a pressure washer was stolen off the back porch in broad daylight. A week later at 1:00 a.m., which was about five months before the incident, Appellant's dog began barking, awakening him. When Appellant walked outside, he discovered that thieves had cut off the power lines going to the house and had tried to steal copper from underneath the house. He noticed that they had broken into the garage and stolen an air compressor. Bishop then gave Appellant the shotgun for protection against thieves and burglars.

Section 46.04 of the Texas Penal Code provides,

> (a) A person who has been convicted of a felony commits an offense if he possesses a firearm:
>
> > (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or
>
> > (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.[2]

---

[2]Tex. Penal Code Ann. § 46.04 (West 2011).

In his sole point, Appellant contends that the trial court erred by denying his requested jury instruction on necessity. In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends.[3]

Section 9.02 of the Texas Penal Code provides that "[i]t is a defense to prosecution that the conduct in question is justified under this chapter."[4] Section 9.22 provides,

> Conduct is justified if:
>
> > (1) the actor reasonably believes the conduct is *immediately* necessary to avoid *imminent* harm;
> >
> > (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and
> >
> > (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.[5]

---

[3] *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

[4] Tex. Penal Code Ann. § 9.02 (West 2011).

[5] *Id.* § 9.22 (emphasis added); *see Vasquez v. State*, 830 S.W.2d 948, 949–50 (Tex. Crim. App. 1992).

The necessity defense is available to justify the offense of possession of a firearm by a felon.[6] But it is available only in situations involving imminent threat.[7] As our sister court in Austin explained in *Dewalt*,

> [E]ven a defendant's sincere belief that his or her conduct is immediately necessary to avoid imminent harm is unreasonable as a matter of law if the undisputed facts demonstrate a complete absence of "immediate necessity" or "imminent harm" as those concepts are defined in the law. Consequently, Section 9.22(1) requires the defendant to first bring forward evidence of a specific imminent harm. "Imminent" means something that is immediate, something that is going to happen now. Thus, "imminent harm" . . . contemplates a reaction to circumstances that must be the result of a split-second decision made without time to consider the law, an immediate, non-deliberative action made without hesitation or thought of the legal consequence.[8]

And as our sister court in Houston concisely put it, "An 'imminent harm' occurs when there is an emergency situation, and it is 'immediately necessary' to avoid that harm when a split-second decision is required without time to consider the law."[9]

In the case now before this court, Appellant was indicted for unlawful possession of a firearm, not just at the moment he pointed it at the police officers

---

[6] *Vasquez*, 830 S.W.2d at 950.

[7] Tex. Penal Code Ann. § 9.22; *Dewalt v. State*, 307 S.W.3d 437, 454–56 (Tex. App.—Austin 2010, pet. ref'd).

[8] *Dewalt*, 307 S.W.3d at 454 (selected internal marks and citations omitted).

[9] *Smith v. State*, 874 S.W.2d 269, 273 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd).

on his property, but at any time "on or about" March 28, 2011. "It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period."[10] Neither party has directed this court's attention to any place in the record where Appellant requested that the State elect the occurrence on which it sought to rely for conviction.[11] By his own testimony, and that of his landlady, Appellant admitted that he had possessed the firearm for an extended period of time, five months, not just in those moments he felt himself in imminent danger and not only when there was imminent danger to his property. Additionally, although Appellant did not admit to personally shooting the horse apples, the evidence showed that he nevertheless exercised care, custody and control over the firearm both before and after the shooting exercise that occurred on the day of his arrest, and no imminent threat was shown then.

---

[10] *Sanchez v. State*, 400 S.W.3d 595, 600 (Tex. Crim. App. 2013) (internal quotation marks and citation omitted).

[11] *See Rodriguez v. State*, 104 S.W.3d 87, 91 (Tex. Crim. App. 2003) (holding that testimony that Rodriguez delivered cocaine "maybe 20 or 30 times" during nine months before date alleged in indictment was not evidence of extraneous offenses and that his remedy was to require the State to elect); *Morse v. State*, No. 09-00-00058-CR, 2001 WL 303625, at *2 n.1 (Tex. App.—Beaumont 2001, pet. ref'd) (not designated for publication) ("The allegations in the indictment permitted the State to prosecute Morse for any single incident of possession occurring anterior to the presentment of the indictment and within the statute of limitations.").

6

While Appellant points to his fear when he heard people outside who turned out to be peace officers, he possessed the firearm in question long before the perceived threat of imminent harm arose. Because the indictment for possession of the firearm encompassed not merely the brief period when the police officers were outside his home but also the entire approximately five months during which he possessed the firearm, Appellant was not entitled to a necessity instruction. We overrule Appellant's sole point on appeal and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

GABRIEL, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 19, 2014

7