# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00479-CR

**Ex parte Richard Asa Todd**

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY, TEXAS
### NO. 11-07348-3, HONORABLE DOUG ARNOLD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant, Richard Asa Todd (Richard),[1] guilty of assault causing bodily injury. *See* Tex. Penal Code § 22.01(a)(1). Richard filed an application for writ of habeas corpus with the county court at law in which he was tried, seeking to have the conviction set aside on the grounds of ineffective assistance of counsel due to his trial attorney's failure to request a jury charge instruction on the defense of consent. *See* Tex. Code Crim. Proc. art. 11.072. The county court at law denied Richard's application, and Richard appealed to this Court. For the reasons that follow, we affirm the county court at law's denial of relief.

## BACKGROUND

In the fall of 2011, Richard's wife, his siblings, and their spouses conducted a series of family meetings in order to settle Richard's deceased father's estate. The process was contentious,

---

[1] This case involves an altercation between appellant and his brother. Because they share the same surname, we refer to them by their first names in this opinion.

and Richard suspected that his brother, Thomas Todd (Tim), was intentionally impeding progress. One such meeting took place at their deceased father's home on October 2, 2011. Richard arrived while the meeting was already in progress. He did not enter the house, and Tim joined him outside. The two exchanged heated words before the encounter escalated into a fistfight. Nobody other than Richard and Tim were present for the beginning of the fight. After the fight, their sister called the police who arrested Richard.

At trial, Tim testified that Richard told him that he wanted to break every bone in his body shortly before they fought. Tim alleged that he responded by positioning himself very close to Richard and saying something along the lines of "let's see what you've got." According to Tim's testimony, Richard then punched him numerous times and may have head-butted him before he was able to end the fight by pinning Richard to the ground.

At trial, Richard claimed that he never threatened to break Tim's bones. Instead, he said that the only way that Tim and Tim's wife could move any slower in settling the estate was if they had broken bones. According to Richard's testimony, Tim then ran toward him, grabbed him by the shoulders, and dared Richard to hit him so that he could put Richard in jail. Richard claimed that he was forced to strike Tim in his struggle to free himself from Tim's grasp.

At his trial for assault, Richard's attorney argued that Richard was merely defending himself from Tim and obtained a jury instruction on self-defense. *See* Tex. Penal Code § 9.31 (setting forth justification defense of self-defense). Richard's trial counsel did not request a jury instruction on the defense of consent. *See id.* § 22.06 (establishing consent as defense to assaultive conduct). The jury returned a verdict convicting Richard of assault causing bodily injury. The

2

parties then reached a plea agreement regarding sentencing, which the county court at law accepted. Pursuant to that plea agreement, Richard waived his right to appeal.

Richard moved for a new trial, arguing that Richard's trial counsel's failure to seek a jury instruction on the defense of consent constituted ineffective assistance of counsel. Attached to Richard's motion for new trial was Richard's trial counsel's affidavit, asserting that the failure to raise the defense of consent was an oversight rather than a strategic decision. The affidavit was admitted at the hearing on the motion for new trial, which the county court at law denied.

Richard then filed an application for writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure, again alleging ineffective assistance of counsel and again attaching Richard's trial counsel's affidavit asserting that his failure to raise the defense of consent was not strategic. The county court at law denied Richard's application. The order denying habeas relief contains conclusions of law that include the following:

- defendants alleging ineffective assistance of counsel must show deficient performance by counsel;

- defendants alleging ineffective assistance of counsel must also show a reasonable probability that the outcome of the trial would have been different but for their counsel's errors;

- Richard's trial counsel "was not deficient in failing to request a jury instruction on the defensive issue of consent,"; and

- any "such deficiency did not result in prejudice to [Richard]."

Richard appeals the county court at law's denial of his application for writ of habeas corpus.

**ANALYSIS**

*Legal Standards*

In reviewing a trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or when it acts arbitrarily or unreasonably. *Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). The trial court's findings of fact in a habeas proceeding deserve near total deference, if they are supported by the record. *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). "We also afford that same level of deference to a trial court's ruling on 'application of law to fact questions,' also known as 'mixed questions of law and fact,' if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor." *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam) (quoting *Guzman*, 955 S.W.2d at 89), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007).[2]

---

[2] It is appropriate for the appellate court to review the trial court's application of the law to the facts de novo if the decision does not turn on witness credibility or demeanor and the trial court is not in an appreciably better position to rule than the appellate court. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999). De novo review is not appropriate in the present case, as the relevant questions do turn on the credibility of testimony and of Richard's trial counsel's affidavit. *See Ex parte Thompson v. State*, 153 S.W.3d 416, 425 (Tex. Crim. App. 2005) ("[A] reviewing court will defer to factual findings of the trial judge even when the evidence is submitted by affidavit.") (citing *Manzi v. State*, 88 S.W.3d 240, 242-44 (Tex. Crim. App. 2002)).

To establish ineffective assistance of counsel, an appellant or habeas applicant must demonstrate by a preponderance of the evidence (1) deficient performance by counsel and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (adopting *Strickland* test). To satisfy the first part of the *Strickland* test, the appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Strickland*, 466 U.S. at 687-88. There is a strong presumption that counsel's performance was not deficient. *Id.* at 689. To satisfy the second part of the *Strickland* test, the appellant must show that there is a reasonable probability that the result of the trial would have been different if counsel's performance was not deficient. *Id*. at 694. The probability must be strong enough to undermine confidence in the outcome of the trial. *Id.*

### Parties' Contentions

On appeal, Richard argues that his testimony raised the defense of consent, giving him an absolute right to a jury instruction on that defense regardless of the trial court's opinion of its merit. According to Richard, his trial counsel's failure to request the instruction constitutes deficient performance, especially in light of Richard's trial counsel's affidavit disavowing any strategic reason for not raising the defense. Richard further argues that he was prejudiced because a jury would likely have concluded that Tim consented to the fight. He cites to *Vasquez v. State* in support of these contentions, in which counsel's failure to request an instruction on the defensive issue of necessity was sufficient to establish both deficient performance and prejudice because the evidence raised the necessity defense, there was no strategic reason not to request the instruction,

and the jury had no chance to consider the defensive issue. 830 S.W.2d 948, 950-51 (Tex. Crim. App. 1992).

The State argues that the county court at law correctly found that Richard's trial counsel's performance was not deficient and that Richard suffered no prejudice. According to the State, the evidence did not support a consent instruction because Tim's statements could not possibly be construed as permission to assault him. The State also argues that Richard's threat to break every bone in Tim's body negates the defense of consent. *See* Tex. Penal Code § 22.06 (consent is defense to assault "if the conduct did not threaten or inflict serious bodily injury."). Additionally, the State contends that there was a strategic reason not to request the consent instruction because it would have undermined the much stronger defense of self-defense. The State also maintains that Richard suffered no prejudice because a consent instruction would not likely have changed the outcome of the trial.

### *Deficient Performance*

The county court at law did not abuse its discretion by concluding that Richard's trial counsel "was not deficient in failing to request a jury instruction on the defensive issue of consent" and denying Richard's application. According to Richard's trial counsel's affidavit, he had no strategic reason to forgo the consent defense and believes that his performance fell below the standard of prevailing professional norms. In his own words, Richard's trial counsel "simply dropped the ball by failing to request such an instruction." However, even considering the affidavit, we find that Richard's trial counsel's performance passes muster under *Strickland*, which is an objective test in which "the defendant must overcome the presumption that, under the circumstances,

6

the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 688-89 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Richard's trial counsel's actions might, objectively, be considered sound trial strategy because (1) the defense of consent was unavailable and (2) by raising the defense of consent, Richard's trial counsel could have undermined the claim of self-defense.

The defense of consent would not have applied in this case. If Richard's trial counsel had requested the consent instruction and the evidence supported that instruction, the county court at law would have been required to include it. *Warren v. State*, 565 S.W.2d 931, 933 (Tex. Crim. App. 1978) ("The trial court is required when properly requested to charge on every defensive issue raised by the evidence."). Richard's own testimony alleging that Tim consented to the fight might have been sufficient if he had not threatened Tim with serious bodily injury. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999) ("[A]n accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence."); *Miller v. State,* 815 S.W.2d 582, 585 (Tex. Crim. App. 1991) (op. on reh'g) ("It is equally well-settled that an accused is thus entitled to that instruction whether the issue is raised by a defendant's testimony alone or otherwise."); *but see* Tex. Penal Code § 22.06(a)(1) (defense of consent not available if defendant threatened or inflicted serious bodily injury). However, the county court at law made an explicit conclusion of law that "the defense of consent did not apply in this case given applicant's threat, express or implied, prior to the assault, to 'break every bone' in Tim's body. The statement manifested a threat to commit serious bodily injury to Tim." The county court at law

7

had conflicting testimony before it regarding what Richard said to Tim, but both versions of this story include a reference to broken bones that could constitute an implied threat, if not an express threat. We must afford appropriate deference to the county court at law as a trial court deciding a mixed question of law and fact involving credibility and demeanor. *See Ex parte Peterson*, 117 S.W.3d at 819. The county court at law did not abuse its discretion by denying relief based solely on Richard's trial counsel's failure to pursue an unavailable defense.

Furthermore, there was an objectively good reason for Richard's trial counsel not to request a jury charge instruction on the consent defense: it could have undermined the stronger defense of self-defense. The county court at law made the specific finding of fact that "[d]uring his closing argument to the jury, [Richard's trial counsel] focused on self-defense . . . . Specifically, [Richard's trial counsel] argued that Tim's alleged statement to [Richard] immediately prior to the assault, 'Come on, hit me,' manifested Tim's intent to assault [Richard] if [Richard] did not strike him first." We afford this finding near total deference. *See id.* The county court at law also made the following conclusion of law:

> In the context of the overall defensive theory of the case, as [Richard's trial counsel] presented at trial, the defense of consent would have been inconsistent with the defense actually pursued, self-defense. *See Okonkwo v. State*, No. PD-0207-12 (Tex. Crim. App. 5/15/13). The prime evidence now asserted by applicant supporting the defense of consent, consisting of Tim's alleged statements to [Richard] preceding the assault, 'Come on, hit me,' was actually utilized by [Richard's trial counsel] during closing argument as evidence underlying the claims of self-defense.

Again, we defer to the county court at law's determination on this mixed question of law and fact. *See id.* The circumstances of Richard's case are, therefore, distinguishable from those in *Vasquez*,

8

in which the appellate court specifically found that "appellant had nothing to lose by requesting a defensive instruction." 830 S.W.2d at 951. It was objectively reasonable for Richard's trial counsel to forgo the defensive issue of consent in order to protect the stronger defense of self-defense.

Objectively, there were good reasons why Richard's trial counsel should not have requested the consent instruction. In light of these reasons and the significant deference due to the county court at law's determinations, we find that the county court at law's determination that Richard's trial counsel's performance was not deficient is supported by the record.

### *Prejudice*

Having determined that the record supports the county court at law's conclusion that Richard's trial counsel's performance was not deficient, we need not address its conclusion that Richard was not prejudiced by his trial counsel's failure to request a jury charge instruction on the consent defense. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim); *see also* Tex. R. App. P. 47.1 (appellate courts must hand down opinions that are as brief as practicable but that address every issue raised and necessary to disposition of appeals). Because the record supports the county court at law's ultimate implied conclusion that Richard failed to demonstrate ineffective assistance of counsel, it did not abuse its discretion in denying Richard's application for writ of habeas corpus. Therefore, we overrule Richard's sole point of error.

### CONCLUSION

Concluding that the county court at law did not abuse its discretion in denying relief, we affirm its order denying Richard's application for writ of habeas corpus.

9

_____

Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed:  August 19, 2015

Do Not Publish