

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,850-01 and -02

## EX PARTE ANTHONY EUGENE JOHNSON, Applicant

## ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. W08-71994-V(A) AND W11-00273-V(A) IN THE 292nd DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and manslaughter and sentenced to ten and twenty years' imprisonment, respectively. The Fifth Court of Appeals affirmed his convictions. *Johnson v. State*, Nos. 05-12-00743-CR & 05-12-00744-CR (Tex. App.—Dallas July 3, 2013)(not designated for publication).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because he failed to request a jury instruction on involuntary conduct in the aggravated assault case, and

failed to request a jury instruction on defense of a third person in the manslaughter case. The trial court determined trial counsel's performance was deficient in that counsel failed to pursue a reasonable defensive strategy. The trial court also determined that such deficient performance prejudiced Applicant.

We order that this application be filed and set for submission to determine whether:

> A. The standard for harm set out in *Vasquez v. State*, 830 S.W.2d 948 (Tex. Crim. App. 1992), is the proper standard when trial counsel fails to request a jury instruction. In *Vasquez*, this Court held that, due to trial counsel's failure to request an instruction on the defensive issue of necessity, the jury was precluded from giving affect to the appellant's defense and that "in itself undermines our confidence in the conviction sufficiently to convince us that the rest of the trial might have been different had the instruction been requested and given." *Id*. at 951; and
>
> B. Counsel rendered ineffective assistance in this case.

The parties shall brief these issues.

It appears that Applicant is represented by counsel. If that is not correct, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 30 days of the date of this order, a supplemental transcript containing: a confirmation that Applicant is represented by counsel; the order appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or before Monday, December 7, 2015.


Filed: October 7, 2015
Do not publish