

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-82,850-01 and -02

### EX PARTE ANTHONY EUGENE JOHNSON, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. W08-71994-V(A) AND W11-00273-V(A) IN THE 292nd DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and manslaughter and sentenced to ten and twenty years' imprisonment, respectively. The Fifth Court of Appeals affirmed his convictions. *Johnson v. State*, Nos. 05-12-00743-CR & 05-12-00744-CR (Tex. App.—Dallas July 3, 2013) (not designated for publication).

On October 7, 2015 the parties were ordered to brief the following issues:

> A. The standard for harm set out in *Vasquez v. State*, 830 S.W.2d 948 (Tex. Crim. App. 1992), is the proper standard when trial counsel fails to request a jury instruction. In *Vasquez*, this Court held that, due to trial counsel's failure to request an instruction on the defensive issue of necessity, the jury

was precluded from giving affect to the appellant's defense and that "in itself undermines our confidence in the conviction sufficiently to convince us that the rest of the trial might have been different had the instruction been requested and given." *Id*. at 951; and

B. Counsel rendered ineffective assistance in this case.

The briefs of the parties were due by December 7, 2015.

On October 20, 2015 this Court received a letter notifying the Court that in both cases the Findings of Fact and Conclusions of Law signed by the habeas judge had been vacated prior to being sent to this Court on March 13, 2015. The order vacating the Findings of Fact and Conclusions of Law was included with the letter.

This Court relied on the vacated Findings of Fact and Conclusions of Law when it set these cases to be briefed. It is now clear from the record that the Findings of Fact and Conclusions of Law are void and that the records were forwarded prematurely. New Findings of Fact and Conclusions of Law in these cases need to be filed and sent to this Court.

These applications will be held in abeyance until the habeas court has resolved the fact issues. We now remand these applications to the 292nd District Court of Dallas County to allow the judge assigned to these cases to complete an evidentiary investigation and enter Findings of Fact and Conclusions of Law. Supplemental records containing the new habeas judge's supplemental Findings of Fact and Conclusions of Law and any supporting affidavits and transcripts, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court. These applications and the briefing orders will be held in abeyance until further orders from this Court.

Filed: October 28, 2015
Do not publish