

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-82,850-01 & -02

**EX PARTE ANTHONY EUGENE JOHNSON, Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. W08-71994-V(A) & W11-00273-V(A)
## IN THE 292ND JUDICIAL DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and manslaughter and sentenced to ten and twenty years' imprisonment, respectively. The Fifth Court of Appeals affirmed his convictions. *Johnson v. State*, Nos. 05-12-00743-CR & 05-12-00744-CR (Tex. App.—Dallas July 3, 2013)(not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel failed to pursue a defense of involuntary conduct in the aggravated assault case, and failed to pursue defense of a third person in the murder case. Applicant alleges that he maintained

that the shooting was an accident, but that trial counsel insisted on pursuing a theory of self defense, which was negated when the trial judge refused to include an instruction on self defense in the jury charge.

On October 7, 2015 the parties were ordered to brief the following issues:

> A. Whether the standard for harm set out in *Vasquez v. State*, 830 S.W.2d 948 (Tex. Crim. App. 1992), is the proper standard when trial counsel fails to request a jury instruction. In *Vasquez*, this Court held that, due to trial counsel's failure to request an instruction on the defensive issue of necessity, the jury was precluded from giving affect to the appellant's defense and that "in itself undermines our confidence in the conviction sufficiently to convince us that the rest of the trial might have been different had the instruction been requested and given." *Id*. at 951; and

> B. Whether counsel rendered ineffective assistance in this case.

Subsequently, this Court received a letter dated October 13, 2015, stating that, in both cases, the Findings of Fact and Conclusions of Law signed by the original habeas judge, Judge Brandon Birmingham, had been vacated by Order dated April 20, 2015. Judge Birmingham stated that he was voluntarily recusing himself due to his participation in the cases as a prosecutor. The order vacating the Findings of Fact and Conclusions of Law was included with the letter. Because this Court's briefing order was premised on vacated Findings of Fact and Conclusions of Law, the matter was held in abeyance so that the trial court could resolve the fact issues.

By Order of Assignment By Presiding Judge Mary Murphy, Judge of the First Administrative Judicial Region, dated April 27, 2015, Judge Murphy assigned Judge Robert Burns to preside in these cases. On May 2, 2016, Judge Burns's new Findings of Fact and Conclusions of Law were received by this Court. Those findings, contrary to the prior findings, recommend denying relief. We have reviewed these new Findings of Fact and Conclusions of Law, and we find that they are supported

by the record. First, as to Applicant's claim that he was denied the right to be present in the courtroom, his counsel testified that the only portion of the proceedings when Applicant was not present was when the judge called the witnesses to be sworn and placed under the Rule. Applicant fails to provide any proof that he was not present in the courtroom when the trial started. Therefore, as to this claim, Applicant fails to allege and prove facts that, if true, would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d 114 (Tex. Crim. App. 1985). Second, as to Applicant's claim that he was denied the right to a public trial, his counsel stated that as soon as he became aware that Applicant's family was not present during *voir dire*, he spoke to the judge, who allowed the family to come into the courtroom. Applicant did not raise this complaint on direct appeal. This claim was known to Applicant at the time of his direct appeal and is therefore not available for review on habeas. *Ex parte Banks*, 769 S.W.2d 539 (Tex. Crim. App. 1989). Third, we agree with the trial court's findings and conclusions that Applicant's trial counsel was not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984).

We hold that Applicant's claims are without merit. Therefore, we withdraw this Court's briefing order from October 7, 2016, and we deny relief.


Delivered:          November 2, 2016

Do not publish