

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00095-CR

_____

HOWARD WEATHERALL, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 25249

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Howard Weatherall, Jr., a man with a felony record, was at a Commerce nightclub owned by brothers James and Orvis Reynolds when words were exchanged about Weatherall having been stabbed in the eye by his girlfriend. Weatherall argued with the two brothers, but the argument appeared to have ended when Weatherall and Orvis both left the scene. Unfortunately, Weatherall returned with a gun. Weatherall shot James multiple times. Some evidence suggested that James had a gun, that Weatherall may have been shot in the encounter, and that Weatherall may have been moving away from James as he shot James.

A Hunt County jury found Weatherall guilty of aggravated assault with a deadly weapon.[1] After Weatherall pled true to several previous felony convictions, his sentence was enhanced, and the trial court imposed forty years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. On appeal, Weatherall argues that the trial court erred in failing to submit the issue of self-defense to the jury and that Weatherall's counsel was ineffective in failing to request a jury instruction on the defense of necessity. We affirm the trial court's judgment because (1) Weatherall was not entitled to a self-defense instruction and (2) ineffective assistance of counsel has not been shown.

---

[1]In a companion case—our cause number 06-09-00114-CR—Weatherall was also found guilty of unlawful possession of a firearm.

*(1)     Weatherall Was Not Entitled to a Self-Defense Instruction*

After Weatherall was stabbed in the eye by his girlfriend, he appeared at the Reynolds nightclub. As Weatherall chatted with a group of people gathered outside the club and relayed the incident involving his girlfriend, some started teasing Weatherall.[2] That led to an expletive-filled argument between Orvis and Weatherall. At some point, Weatherall saw Orvis flash a gun. Weatherall got in his car, drove across the street, allegedly borrowed a pistol from a stranger, and drove back to the club with his lights off because he was threatened. Orvis was not present when Weatherall arrived.

Two versions of the events that followed were presented to the jury. James testified he began to run when Weatherall got out of the car because he was worried Weatherall would shoot him in the back. Weatherall assured James by stating, "that's not for me and you, man," but then started firing. James fell to the ground and watched as Weatherall shot down at him. He suffered seven gunshot wounds. Five shell casings, all from the same manufacturer, were located on the street.

Weatherall testified he was trying to work out his differences with James when things "went bizarre." "James started talking crazy, and we argued." He asked James to take his hand out of his pocket. Weatherall claims James brandished a pistol and the shooting started. James admitted to carrying a gun to provide security for the nightclub, but denied shooting Weatherall. Weatherall had

---

[2]Orvis claimed he told Weatherall he needed to leave the girlfriend alone.

a leg wound when he was arrested sixteen days after the incident. Police investigated an earlier case where Weatherall was shot, but they could not verify the date of his leg injury.

From this evidence, Weatherall claims he was entitled to a jury instruction on self-defense.

We review de novo the issue of whether Weatherall was entitled to a self-defense instruction. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Regardless of whether the above evidence might authorize a self-defense instruction[3] in other cases, "no error is shown in the denial

---

[3]Undoubtedly, Weatherall used deadly force against James. Under Section 9.32 of the Texas Penal Code, a person's use of deadly force is justified if "he would be justified in using force against the other under Section 9.31." TEX. PENAL CODE ANN. § 9.32(a) (Vernon Supp. 2009). Under Section 9.31 of the Texas Penal Code, "a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (Vernon Supp. 2009). In raising the justification of self-defense, a defendant bears the burden of production of some evidence that he or she reasonably believed use of deadly force was immediately necessary to protect himself or herself against the victim's use or attempted use of unlawful force. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991); *Dyson v. State*, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984). "The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge." *Dyson*, 672 S.W.2d at 463.

Weatherall testified he was in fear of his life when he went back to the club and confronted James. He had seen James "slapping people with his pistol, pulling pistol, threatening people . . . [and] tortur[ing] people" by pulling their fingernails out. An investigator testified "that the shooter was possibly in a retreat mode while he was shooting the weapon due to the fact that it-- the shell casings were as if they were going towards the street." Investigators noticed a large pool of blood, likely where James fell, and also blood across the street, about nine or ten feet from the nightclub curb.

This testimony may be sufficient to raise the issue of self-defense in the proper case. Where a defensive issue is raised by the evidence, a defendant is entitled to an affirmative instruction in the jury charge, regardless of the strength, weakness, or credibility of the evidence. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).

4

of a defensive instruction if the evidence establishes as a matter of law that the defendant is not entitled to rely on this defense." *Johnson v. State*, 157 S.W.3d 48, 50 (Tex. App.—Waco 2004, no pet.); *see Dyson*, 672 S.W.2d at 463. Here, Weatherall was not so entitled.

The self-defense statute expressly provides that the use of force is not justified when an actor seeks an explanation from, or discussion with, another person concerning the actor's differences with that other person while carrying a weapon in violation of Section 46.02 of the Texas Penal Code. TEX. PENAL CODE ANN. § 9.31(b)(5)(A) (Vernon Supp. 2009). Section 46.02 states a "person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun . . . if the person is not: (1) on the person's own premises or premises under the person's control; or (2) inside of or directly en route to a motor vehicle that is owned by the person or under the person's control." TEX. PENAL CODE ANN. § 46.02(a) (Vernon Supp. 2009). Weatherall's actions fit squarely within Section 46.02(a), thus making self-defense unavailable as a matter of law.

This exception to the justification was discussed in the analogous case of *Williams v. State*, 35 S.W.3d 783 (Tex. App.—Beaumont 2001, pet. ref'd). In *Williams*, it was undisputed the defendant told the victim he "wanted to talk to him" about spanking his son with a belt and followed him to a residence. *Id.* at 784, 786. Once there, Williams stopped his vehicle, pulled a handgun from under the seat, stuck it in his pants as he exited the car, and walked into the yard of the residence. *Id.* at 784. He began hitting the victim with his belt. *Id.* During the melee, a struggle

5

for the gun ensued, and the victim was shot. *Id.* at 785. Because the record showed that Williams intentionally sought out the victim to confront him about the spanking incident and that he intentionally brought the handgun with him which he used to shoot the victim, the trial court concluded Williams was not entitled to the self-defense instruction as a matter of law. *Id.* at 786–87.[4]

Here, too, because Weatherall testified he intentionally sought out James to work out their differences, and intentionally brought the gun with him which he used to shoot James, he was not entitled to the self-defense instruction as a matter of law. We overrule this point of error.

*(2)    Ineffective Assistance of Counsel Has Not Been Shown*

Weatherall also claims that his counsel was ineffective because he did not request an instruction on necessity.

Ineffective assistance of counsel must be firmly founded in the record. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003). Ineffective assistance of counsel must be established by a

---

[4]As in *Williams*, Weatherall argued that the proper treatment of Section 9.31(b)(5) of the Texas Penal Code is as a limiting instruction on a self-defense charge, not as an outright bar to a self-defense charge. *Williams*, 35 S.W.3d at 785. Thus, he claims the trial court erred in instructing the jury on the self-defense issue with a limiting instruction. *Williams* noted that while courts normally treat the Section 9.31(b) list as a limitation on self-defense, "when the evidence establishes as a matter of law that force is not justified in self-defense . . . then no self-defense issue [and thus limitation] is required." *Id.*

preponderance of the evidence. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984).

We apply the two-pronged *Strickland* test handed down by the United States Supreme Court to determine whether Weatherall received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006).

First, Weatherall must show counsel's performance fell below an objective standard of reasonableness when considering prevailing professional norms. *Strickland*, 466 U.S. at 687–88. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). To meet the second prong of the *Strickland* test, Weatherall must show that the alleged deficient performance damaged his defense such that there is a reasonable probability that the result of the trial would have been different. *Strickland*, 466 U.S. at 689; *Tong*, 25 S.W.3d at 712. A reasonable probability "is one sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

By definition, Weatherall's counsel could not be labeled deficient for not requesting a necessity instruction if Weatherall would not have been entitled to such an instruction under the facts of this case. We hold that he was not so entitled.

The defense of necessity would be available to Weatherall if the evidence demonstrated: (1) he reasonably believed his conduct was immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweighed, according to ordinary standards of reasonableness, the harm sought to be prevented; and (3) no legislative purpose existed to exclude the defense. TEX. PENAL CODE ANN. § 9.22 (Vernon 2003). We review the evidence offered in support of the necessity defense in the light most favorable to Weatherall and assess any justification based on necessity from his standpoint. *Wood v. State*, 271 S.W.3d 329, 333 (Tex. App.—San Antonio 2008, pet. ref'd).

Weatherall claims the benefit of guidance from the Texas Court of Criminal Appeals:

> The legislature has not excluded the justification of necessity as a defense to the offense of possession of a firearm by a felon. Nor has it legislatively been excluded as a defense when an offense is enhanced. Indeed, this Court has held that necessity is a defense available to a defendant charged with the lesser included offense of unlawfully carrying a weapon.

*Vasquez v. State*, 830 S.W.2d 948, 950 (Tex. Crim. App. 1992) (citations omitted). *Vasquez* specifically found counsel's performance deficient for failing to request the necessity defense since it was "specifically recognized by the legislature in the Penal Code" and the defendant's "testimony sufficiently raised the necessity defense." *Id.* at 951. The high court stated,

> Because the evidence did raise the defensive issue of necessity, and because appellant's counsel failed to request a jury instruction on the issue, the jury was precluded from giving effect to appellant's defense. That in itself undermines our confidence in the conviction sufficiently to convince us that the result of the trial might have been different had the instruction been requested and given.

*Id.* If his case were like *Vasquez*, Weatherall's claim would have traction. But there are at least two distinctions to be drawn.

A few years after *Vasquez*, the Texas Court of Criminal Appeals reminded courts that "in order to raise necessity, a defendant admits violating the statute under which he is charged and then offers necessity as a justification which weighs against imposing a criminal punishment for the act or acts which violated the statute." *Young v. State*, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999) (holding necessity defense barred because Young did not admit intent element of attempted murder). According to *Young*, this case is distinguished by one fact. In *Vasquez,* the defendant admitted to the crime committed. *Id.* While trial counsel claimed Weatherall acted reasonably, based on Weatherall's own testimony, and that shooting James was necessary to save his life, "such an argument does not present the defense of necessity." *Id.* at 839. To raise necessity, Weatherall was required to admit that he committed aggravated assault. Instead, Weatherall claimed he did not have the requisite intent. Thus, he did not admit to the crime and was not entitled to a jury instruction on the defense of necessity. *Id.*; *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007).[5]

---

[5]The Texas Court of Criminal Appeals has stated

with respect to defenses such as necessity and self defense that when the defensive evidence merely negates the necessary culpable mental state, it will not suffice to entitle the defendant to a defensive instruction. Rather, a defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every element of the offense *including* the culpable mental state, but interposes justification to excuse the otherwise criminal conduct.

Further, the evidence demonstrated that Weatherall left the scene, got a gun, and came back, ultimately shooting James. There was nothing preventing Weatherall from driving away. At the moment Weatherall drove away from the scene to obtain a gun, the evidence cannot demonstrate that Weatherall was in fear of immediate danger as opposed to a theoretical threat.

Because Weatherall was not entitled to a jury instruction on necessity, he has not shown that counsel's performance in failing to request an instruction was deficient under the first part of the *Strickland* test. *Young*, 991 S.W.2d at 839. Under the facts of this case, there was no error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 5, 2009
Date Decided:     October 20, 2009

Do Not Publish

---

*Shaw*, 243 S.W.3d at 659.