COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | |
| GARY WHIDDON, | | No. 08-11-00188-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 109th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Andrews County, Texas |
| | § | |
| Appellee. | § | (TC #5669) |

## **O P I N I O N**

Gary Whiddon is appealing his conviction of possession of child pornography, enhanced by two prior felony convictions. After finding Appellant guilty, a jury found the enhancement paragraphs true and assessed his punishment at imprisonment for seventy-five years. We affirm.

### **FACTUAL SUMMARY**

Kimberly Mathis is employed as the library technical assistant at the Andrews County Library. On April 27, 2010, Mathis was working in the computer lab located in the library. Three people were using the computer lab: Appellant, Andy Norvell, and an elderly man. Appellant had signed in that morning and had been at computer terminal number three for several hours. The elderly man asked her for assistance with a print job and they walked over to the printer. She picked up papers on the printer and saw that they were "graphic images." The elderly man became upset and said, "that's not mine" which Mathis knew to be true because she

had been helping him with his print job. She knew the printed images belonged to someone else who was using the computers. Mathis immediately turned over the pictures to the director of the library, Elizabeth Stottlemyre, who called the police.

Sgt. Carl Shanks of the Andrews Police Department was dispatched to the library in response to the call. Shanks met with Stottlemyre and she turned over seven pages containing eighty-seven printed images which had been found by Mathis on the printer. Shanks approached Appellant and asked him to step outside so they could talk in private. Once outside, Shanks asked Appellant to produce some identification. Appellant was extremely nervous and his hands shook as he took his identification out of his wallet. Shanks told Appellant that he had received a complaint about child pornography at the library and Appellant admitted that he had looked at some pictures on the computer but insisted that he had a right to do so. Shanks told Appellant that he did not have a right to look at child pornography.

Sarah Ann Pando is the assistant director of the Andrews County Library. Pando explained that the computers in the library are set up in such a way that when a user logs out, the computer re-boots and it returns to the log-in screen. The previous user's data and any changes made to the computer by that user are not saved. After Mathis found the graphic images on the printer, Pando sat at the desk and watched Appellant who was seated at one of the computers. Appellant was using a computer which had a privacy panel so the library staff and other patrons could not see the monitor. The police officer arrived and Appellant left the computer. Pando then sat at the computer to make sure that no one else used it. She noticed that the internet browser had twenty-four open tabs. She looked at the tabs and saw photographs of nude children performing sexual acts. In some of the photographs, the female children were being restrained by one adult male while another adult male prepared to perform an act with her. Pando did not

look at all of the photographs on the computer because she stopped after seeing a graphic photograph of a female infant. She explained by simply stating, "I'd had enough."

Satish Nayak, M.D., a pediatrician, examined the seven pages of images admitted into evidence and offered his expert opinion, based on his medical training, that the images depicted females under the age of eighteen. The jury found Appellant guilty as alleged in the indictment.

## SUFFICIENCY OF THE EVIDENCE

In his first point of error, Appellant challenges the sufficiency of the evidence supporting his conviction. Specifically, he argues that the State failed to prove beyond a reasonable doubt that he knowingly possessed child pornography.

### *Standard of Review and Applicable Law*

In reviewing whether the evidence is sufficient to support a criminal conviction, we apply the standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). Under that standard, a reviewing court views all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex.Crim.App. 2012); *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. As the trier of fact, the jury is the sole judge as to the weight and credibility of witness testimony, and therefore, on appeal we must give deference to the jury's determinations. *Brooks*, 323 S.W.3d at 894-95. If the record contains conflicting inferences, we must presume the jury resolved such facts in favor of the verdict and defer to that resolution. *Id*. On appeal, we serve only to ensure the jury reached a rational verdict, and we may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *King v. State*, 29

S.W.3d 556, 562 (Tex.Crim.App. 2000). The sufficiency standard is the same for both direct and circumstantial evidence. *Wise*, 364 S.W.3d at 903. For the evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *Id.* Rather, a court considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict. *Id.*

A person commits possession of child pornography if he "knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct" and he "knows that the material depicts the child" in this manner. TEX.PENAL CODE ANN. § 43.26(a)(1), (2)(West Supp. 2012). A person acts "intentionally" or with intent "with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX.PENAL CODE ANN. § 6.03(a)(West 2011). A person acts knowingly or with knowledge of the nature of his conduct or circumstances "when he is aware of the nature of his conduct or that the circumstances exist." TEX.PENAL CODE ANN. § 6.03(b). A person possesses contraband when he exercises actual care, custody, control, or management over the item. TEX.PENAL CODE ANN. § 1.07(a)(39)(West Supp. 2012). Further, possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. TEX.PENAL CODE ANN. § 6.01(b). Proof of a culpable mental state typically depends upon circumstantial evidence. *See Krause v. State*, 243 S.W.3d 95, 111 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd). A jury may infer intent or knowledge from any facts that tend to prove its existence, including the acts, words, and conduct of the accused. *Hart v. State*, 89 S.W.3d 61, 64

- 4 -

(Tex.Crim.App. 2002).

*Review of the Evidence*

Appellant challenges the sufficiency of the evidence to prove knowing possession of child pornography because the printed images found on the printer were not shown to be connected to the computer he was using and the State failed to introduce any evidence showing that he performed any computer searches for child pornography. Additionally, he asserts he was not waiting at the printer for these images so it cannot be inferred that he is the person who printed the images. Rather than focusing on the absence of evidence, we must assess whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence considered in the light most favorable to the verdict. *See Wise*, 364 S.W.3d at 905. At the time the printed images were discovered on the printer, Appellant was present in the library's computer lab along with two other individuals and he was using one of the private computer terminals. He had been at the computer terminal for several hours without interruption. After Appellant stepped away from the computer at the request of Sgt. Shanks, Pando went to the computer to make sure no one else used it. She discovered that the internet browser had twenty-four open tabs and she looked at many of them. All of the tabs she opened had photographs of nude female children performing sexual acts. In some of the photographs, the female children were being restrained by an adult male. These images were similar to the seven pages of images which had been printed. The computers in the library had been set up so that a user's data would not be saved when he logged off. Given that Appellant had been using the computer for several continuous hours, the jury could reasonably infer that he had opened the images depicting female children engaged in sexual conduct and had printed the images found by Mathis on the printer. Additionally, when Sgt. Shanks told Appellant they had received a complaint about child

pornography at the library, he did not deny having looked at any child pornography. Instead, Appellant admitted he had viewed some pictures on the computer but insisted that he had a right to do so. Taken in the light most favorable to the verdict, the evidence is sufficient to permit the jury to conclude Appellant knowingly possessed child pornography. We overrule Point of Error One.

### OPINION REGARDING AGE OF FEMALE SUBJECTS IN IMAGES

In Point of Error Two, Appellant argues that the trial court abused its discretion by permitting Sgt. Shanks to testify as an expert regarding the age of the female subjects in the printed images. Citing *Jackson v. State*, 17 S.W.3d 664, 670 (Tex.Crim.App. 2000), Appellant also argues that the trial court should have conducted a *Daubert* hearing outside of the jury's presence.

Evidentiary error must be preserved by making a proper objection and securing a ruling on that objection. TEX.R.APP.P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002); *Peralta v. State*, 338 S.W.3d 598, 609 (Tex.App.--El Paso 2010, no pet.). A proper objection is one that is specific and timely. *Id*. With two exceptions, a party must continue to object each time inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991); *Peralta*, 338 S.W.3d at 609. The two exceptions require counsel to either (1) obtain a running objection, or (2) request a hearing outside the presence of the jury. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003); *Peralta*, 338 S.W.3d at 609. Evidentiary error is cured when the same evidence is admitted elsewhere without objection. *Leday v. State*, 983 S.W.2d 713, 718 (Tex.Crim.App. 1998); *Peralta*, 338 S.W.3d at 609.

Appellant objected and obtained a running objection to Sgt. Shank's testimony about the age of the female subjects in the printed images, but he did not obtain a running objection to all

of Pando's testimony on the subject. Additionally, the State offered expert medical testimony that each female subject is younger than eighteen years of age. *See* TEX.PENAL CODE ANN. § 43.25(g)(West 2011)(providing that when it becomes necessary for the purposes of sections 43.25 or 43.26 to determine whether a child who participated in sexual conduct was younger than 18 years of age, the judge or jury may make this determination by several methods, including by expert medical testimony based on the appearance of the child engaging in the sexual performance). Dr. Nayak testified without objection that he had examined the photographs and it was his expert medical opinion that the female subjects depicted in the images were younger than eighteen years of age. Consequently, the alleged error is waived.

Even if Appellant had preserved the complaints presented on appeal, they are without merit. Appellant's arguments assume that Sgt. Shanks testified as an expert. Rule 701 of the Texas Rules of Evidence provides that a witness not testifying as an expert can give opinions rationally based on his or her perception if such opinion helps in the determination of a fact in issue. TEX.R.EVID. 701. It is well established that a lay witness can testify under Rule 701 on many subjects including an estimate of age. *See Denham v. State*, 574 S.W.2d 129, 131 (Tex.Crim.App. 1978)(noting that lay opinion is admissible on many subjects including sanity, insanity, value, handwriting, physical condition, health and disease, estimates of age, size, weight, quantity, time, distance, speed, identify of persons and things, and intoxication). The Court of Criminal Appeals provided the following explanation in *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex.Crim.App. 2002).

> [A]s a general rule, observations which do not require significant expertise to interpret and which are not based on a scientific theory can be admitted as lay opinions if the requirements of Rule 701 are met. This is true even when the witness has experience or training. Additionally, even events not normally encountered by most people in everyday life do not necessarily require the testimony of an expert. The personal experience and knowledge of a lay witness

may establish that he or she is capable, without qualification as an expert, of expressing an opinion on a subject outside the realm of common knowledge. It is only when the fact-finder may not fully understand the evidence or be able to determine the fact in issue without the assistance of someone with specialized knowledge that a witness must be qualified as an expert.

The State did not offer Sgt. Shanks as an expert when it asked him whether he had an opinion as to the age of the female subjects and it appears from the record before us that he was offering a lay opinion under Rule 701. Consequently, the trial court did not abuse its discretion by overruling Appellant's objection to Sgt. Shank's testimony and the court was not required to conduct a hearing outside of the jury's presence. For these reasons, we overrule Point of Error Two.

## ADMISSION OF STATE'S EXHIBIT 1

In Point of Error Three, Appellant contends that the trial court abused its discretion by admitting State's Exhibit 1. The exhibit is a collection of 7 pages containing a total of 87 black and white images each of which measures approximately 2 and 1/4 inches by 1 and 3/8 inches. Appellant asserts that the remaining 69 images are irrelevant. Additionally, he argues that the probative value of these 69 images is substantially outweighed by the danger of unfair prejudice. State's Exhibit 1 was admitted into evidence prior to Dr. Sayak's testimony. He testified specifically about 18 of the 87 images and offered his expert medical opinion that the female subjects depicted in these images were under the age of 18. Evidentiary error must be preserved by making a proper objection and securing a ruling on that objection. TEX.R.APP.P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002); *Peralta v. State*, 338 S.W.3d 598, 609 (Tex.App.--El Paso 2010, no pet.). A proper objection is one that is specific and timely. *Id*. Appellant objected to the admission of State's Exhibit 1 on the basis of Rule 403 of the Texas Rules of Evidence in that he argued that prejudice far outweighed any probative value, but he did

not object to the exhibit, or any portion of the exhibit, on the ground of relevance. Consequently, that portion of his argument is waived.

Further, we find that Appellant waived his remaining complaint about State's Exhibit 1 because many of images contained in the exhibit are clearly admissible and he did not specifically identify the objectionable portions of the exhibit at the time it was offered into evidence. When an exhibit contains both admissible and inadmissible evidence, the objection must specifically identify what portions are inadmissible in order to make the trial court aware of the specific objection and to preserve error. *See Sonnier v. State*, 913 S.W.2d 511, 518 (Tex.Crim.App. 1995). Point of Error Three is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Points of Error Four through Ten, Appellant asserts that he was denied the effective assistance of counsel at trial. Both the United States and the Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX.CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 1.05 (West 2005). This right includes the right to reasonably effective assistance. *Strickland v. Washington*, 466 U.S. 668, 683-86, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984). In *Strickland*, the Supreme Court set forth the standard of review for evaluating claims of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The two-prong *Strickland* test requires Appellant to show that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's performance prejudiced his defense. *Id.* Prejudice requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Id.*; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); *Vasquez v. State*, 830 S.W.2d 948, 949 (Tex.Crim.App. 1992). Reasonable probability is defined as a "probability sufficient to

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998). In analyzing a claim for ineffective assistance, we begin with the strong presumption that counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Appellant must overcome the presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and that, under the circumstances, the challenged action might be considered sound trial strategy. *Thompson*, 9 S.W.3d at 814. Counsel's action or inaction will be found to be reasonable if the record is silent as to the facts, circumstances, or rationale behind a particular course of action. *Id.*

At the beginning of trial, Appellant asked the trial court to discharge appointed counsel, Tracey Scown, and appoint a different attorney because he believed she had not prepared adequately for the case. Appellant stated that he had been in jail for a year and Scown had talked to him for only one hour and forty-five minutes during this time period and he was frustrated that she had usually not taken his calls. He claimed that she had not discussed any defense strategies with him and she had not made arrangements for him to have appropriate clothing to wear during trial. Appellant had gained weight while in jail and the clothes he was wearing when arrested no longer fit him. Scown responded that Appellant did not understand that the majority of work a trial lawyer does in preparing for trial is not in the presence of the client. She had reviewed the district attorney's file and had taken copious notes. Appellant had sent her letters regarding what happened and the strategy he would like her to utilize at trial which she intended to utilize. She had also communicated with him by letter. Scown had a busy trial practice and she traveled often to other counties so Scown's legal assistant had taken Appellant's telephone calls. The

legal assistant has twenty-five years' experience in law enforcement and criminal defense work and she informed Scown fully about Appellant's calls. Appellant had asked them to hire a computer expert to talk to him and testify at trial which Scown had done. She did not believe the computer expert would testify exactly as Appellant expected but he was prepared to testify if necessary. Appellant had also requested that Scown arrange a psychiatric examination and that had also been arranged. Scown had attempted to find a family member to provide clothing for Appellant to wear at trial but could not find anyone. When she discovered he could not wear the clothing he had at the jail, she provided a shirt for him to wear. He was wearing blue pants that are like the scrubs a doctor would wear while in surgery and they did not have any markings to indicate they were jail clothing. Scown advised the court that she was adequately prepared to go to trial and defend Appellant to the best of her ability. The Andrews County Attorney, John Pool, added that Scown had communicated with him on many occasions during the prior year in connection with the case and they had discussed the layout of the library in addition to other matters.

The trial court asked Scown whether she had conveyed any plea offers to Appellant. Scown said that she had and she would like to ask Appellant on the record whether he wished to accept the plea offers. Appellant confirmed that Scown had discussed two plea offers with him. The County Attorney had originally offered to waive the enhancement paragraphs and agree to a five-year sentence, but Appellant had rejected that offer. On the morning trial began, the prosecutor would no longer waive the enhancement paragraphs but he would agree to the minimum sentence of twenty-five years. Appellant had also rejected that offer. At the conclusion of this testimony, the trial court denied Appellant's request to remove Scown as his attorney.

Appellant filed a motion for new trial raising his ineffective assistance of counsel claim. At the hearing, defense counsel, Tracey Scown, testified about her representation of Appellant. Scown had reviewed the prosecutor's file, including the evidence, but she had not obtained copies of the photographs that form the basis of the prosecution. The prosecutor explained he would not provide copies of the photographs because she was not allowed to possess child pornography. Scown met with Appellant on two or three occasions prior to trial and she also communicated with him by letter. Appellant had sent her several letters detailing the facts and the defense he thought she should utilize. At Appellant's request, Scown hired a computer expert to testify but she did not call the expert as a witness because she had elicited the desired testimony from one of the State's witnesses. She knew that other patrons were in the computer lab at the same time as Appellant, but she did not interview them to determine whether they had printed the pictures found on the printer. Scown expressed doubt that anyone would confess to her that they had possessed child pornography. Based on the evidence, Scown also did not believe it was a possibility that the other patrons were responsible for printing the child pornography. Appellant had told Scown that the photographs admitted at trial were not the same photographs shown to him by the law enforcement officer who spoke to him but Scown recalled that the witnesses testified at trial that the photographs found on the printer were turned over to the police officer who went to the library in response to the call. Scown had shared with Appellant the evidence obtained through her investigation and she also communicated the plea offers to him. Appellant had questions about how acceptance of the plea offer would impact his parole status so Scown asked his parole officer to visit with Appellant about that question. The parole officer later called Scown and advised her about his conversation with Appellant. At Appellant's request, Scown had also made arrangements for a mental evaluation. Appellant had

written two letters to the trial court expressing his discontent with Scown but she was unaware of his complaints prior to the morning of trial. Scown also recalled that Appellant had asked her to file a motion to suppress in connection with a search warrant executed at his house but she explained to him that the State was not going to introduce any evidence they had obtained as a result of the search warrant. Appellant repeatedly told Scown he had beat a case like this in El Paso so she investigated whether similar charges had been filed against him and learned that there had been a hung jury.

Appellant also testified at the hearing. After trial began, Appellant asked Scown to investigate the two patrons of the library who were using the computers at the same time as him. He disputed Mathis's trial testimony that she was assisting a patron with a printer problem because he believed this had occurred several weeks earlier. He recalled that Mathis and a man were standing at the printer on an earlier date and she pulled some pages off of the printer and asked the man whether he knew anything about them. Appellant recalled that they were color copies, not the black and white images admitted into evidence, depicting both male and female subjects. He testified that this had not occurred on April 27, 2010, the date of his arrest at the library. Consequently, he wanted Scown to contact the other patrons to corroborate his version of events. Appellant had not asked Scown to investigate these potential witnesses prior to trial because he did not know about them. Appellant also testified that on the date of his arrest the officer had shown him black and white images that appeared similar to x-ray images because one could only see the outline of the subjects and could not tell if they were male or female. On the second day of trial, he told Scown that the images shown to him by the police officer were not the same images admitted into evidence. Appellant apparently told Scown about this after closing arguments because she told him it was too late since the jury was going into

deliberations. Appellant rejected the plea bargain offers because he thought the State could not prove its case based on the photos shown to him by the police officer. He did not believe he had sufficient evidence whether to accept the plea bargains because he was unaware that the State would introduce different photos at trial. Appellant admitted that Scown had sent him discovery and copies of the police reports but he put it in his property bag and never looked at it. The trial court denied the motion for new trial.

*Failure to Interview Witnesses*

In Point of Error Four, Appellant asserts that counsel's performance was deficient because she failed to interview witnesses, namely, the other two patrons who were using the computer lab at the same time as him. It is well settled that trial counsel has a duty to make an independent investigation into the facts of the case. *McFarland v. State*, 928 S.W.2d 482, 501 (Tex.Crim.App. 1996)*, overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 263 n.18 (Tex.Crim.App. 1998), *citing Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. The duty to investigate is not categorical. *Id.* Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Id.* To have a firm command of the facts of a client's case, counsel has a responsibility to seek out and interview potential witnesses. *See Perez v. State*, 310 S.W.3d 890, 894 (Tex.Crim.App. 2010); *Ex parte Welborn*, 785 S.W.2d 391, 394 (Tex.Crim.App. 1990). Counsel's failure to seek out and interview witnesses, where the consequence is that the only defense available to the defendant is neglected, constitutes ineffective assistance of counsel. *Henson v. State*, 915 S.W.2d 186, 196 (Tex.App.--Corpus Christi 1996, no pet.). However, an attorney's failure to present witnesses will not support an ineffective assistance claim if the defendant fails to show that the witnesses were available and that their testimony would have benefitted the defendant. *Ex parte*

*McFarlan*d, 163 S.W.3d 743, 758 n.48 (Tex.Crim.App. 2005).

Appellant presented no evidence that these two witnesses were available, that their testimony would have been beneficial, or that the only defense available to Appellant was neglected. Consequently, Appellant failed to carry his burden of proving that counsel's performance prejudiced his defense. Point of Error Four is overruled.

### *Failure to Conduct a Thorough Investigation*

In Point of Error Five, Appellant argues that trial counsel failed to conduct a thorough investigation because she only spent one hour and forty-five minutes talking to him during the year prior to trial. In addition to the time defense counsel spent with Appellant in person, she reviewed letters from Appellant setting forth the pertinent events and defenses he wanted her to pursue. Appellant has not shown what facts counsel would have learned if she had spent additional time with him. Further, the record reflects that counsel was fully aware of the matters raised by Appellant's testimony at the new trial hearing.

Appellant also asserts that Scown failed to personally view the computer lab but instead relied on the prosecutor's description of the layout. The record does not support this assertion. While the prosecutor advised the court that Scown had spoken with him on several occasions about the case and they had discussed the layout of the computer lab, there is no evidence that defense counsel failed to view the computer lab herself. Appellate counsel did not ask Scown any questions about that aspect of her investigation when she testified at the motion for new trial hearing. It was Appellant's burden to establish a deficiency on the part of counsel and we will not assume that her investigation was limited to her discussions with the prosecutor. Because Appellant has failed to prove that defense counsel's performance was deficient, we overrule Point of Error Five.

*Failure to Object to Hearsay Testimony*

In Point of Error Six, Appellant alleges that defense counsel rendered ineffective assistance by failing to raise a hearsay objection to Pando's testimony about the images she viewed on the computer terminal being used by Appellant. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires an appellant to present a clear and concise argument for the contentions made, supported with appropriate citations to authorities and to the record. TEX.R.APP.P. 38.1(i). Appellant has not cited any authorities in support of this argument and he does not address how counsel's performance prejudiced his defense. We will not address the issue because it is inadequately briefed. *See Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex.Crim.App. 2000)(finding issue inadequately briefed when appellant made no argument and cited no authority to support his position); *Wood v. State*, 18 S.W.3d 642, 650-51 (Tex.Crim.App. 2000)(finding issue waived when appellant failed to adequately develop his argument); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex.Crim.App. 1996)(refusing to address issue that did not provide specific legal authority and a legal argument based on that authority although issue provided a global cite to the Sixth Amendment). Point of Error Six is overruled.

*Failure to Request Notice*

In Point of Error Seven, Appellant maintains that defense counsel should have requested that the State provide notice of which images it relied upon to prove the indictment. Appellant's brief does not include any citations to authority or analysis in support of his assertion that he was entitled to notice and he has failed to show that a motion requesting notice would have been successful. *See* TEX.R.APP.P. 38.1(i). Appellant has not cited any authorities in support of this argument and he does not address how counsel's performance prejudiced his defense. Consequently, the issue is waived because it is inadequately briefed. *See Wyatt*, 23 S.W.3d at 23

n.5; *Wood*, 18 S.W.3d at 650-51; *Rhoades*, 934 S.W.2d at 119. Point of Error Seven is overruled.

*Failure to Secure Clothing for Appellant*

In Point of Error Eight, Appellant contends that trial counsel failed to provide him with the effective assistance of counsel because she did not secure appropriate pants for him to wear during trial. Being forced to appear at a jury trial in jail clothes may infringe upon a defendant's constitutional right to presumption of innocence. *Randle v. State*, 826 S.W.2d 943, 944 (Tex.Crim.App. 1992); *Lantrip v. State*, 336 S.W.3d 343, 351 (Tex.App.--Texarkana 2011, no pet.). If a defendant timely objects to being put to trial while wearing prison clothing, he should not be compelled to stand trial in that attire. *Randle*, 826 S.W.2d at 944-45, *citing Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). Such a compulsion would violate the defendant's right to a fair trial and his right to be presumed innocent. *Id.* at 945. However, it is only where the clothing in question "bears the indicia of incarceration" that a defendant's right to a presumption of innocence is subverted. *See id.* at 946; *Scott v. State*, 80 S.W.3d 306, 307 (Tex.App.--Fort Worth 2002, no pet.). In this case, the record does not reflect that the pants were identifiable as jail clothing. To the contrary, the prosecutor stated on the record that the pants were blue "scrubs" like the ones worn by a doctor and there were no markings on the pants indicating that they were jail attire. In the absence of any evidence that the pants bore the indicia of incarceration, we are unable to conclude that Appellant's right to a presumption of innocence was subverted by being forced to wear the clothing at trial. Consequently, trial counsel did not render deficient performance by failing to secure different pants for Appellant to wear at trial. Point of Error Eight is overruled.

*Failure to Present Punishment Evidence*

In Point of Error Nine, Appellant complains that he was denied the effective assistance of counsel because trial counsel did not present any punishment evidence. Counsel's failure to present mitigating evidence or a witness in the punishment phase is irrelevant absent a showing that such evidence was available and that the appellant would have benefitted from the evidence. *See King v. State*, 649 S.W.2d 42, 44 (Tex.Crim.App. 1983). Although Appellant had an opportunity at the hearing on his motion for new trial to introduce evidence in support of his ineffective assistance of counsel claim, he did not show that he had any punishment evidence to offer or that it would have been beneficial. Further, he did not ask trial counsel any questions about her trial strategy in this regard. Consequently, Appellant has failed to establish that her performance was deficient. Point of Error Nine is overruled.

*Motion for New Trial*

In his final point of error, Appellant argues that the trial court erred by denying his motion for new trial on the ground of ineffective assistance of counsel. We review a trial court's ruling on a motion for new trial for an abuse of discretion. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex.Crim.App. 2007). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse. *Id.* at 907-08. In our discussion of Points of Error Four through Nine, we have concluded that Appellant failed to establish his ineffective assistance of counsel claim. Accordingly, we find that the trial court did not abuse its discretion by denying the motion for new trial. We overrule Point of Error Ten and affirm the

judgment of the trial court.


February 27, 2013
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)