

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00112-CR

---

PREMIUM WAREZ CLARK, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 19F0546-102

---

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Premium Warez Clark appeals the revocation of his community supervision related to his conviction for aggravated assault with a deadly weapon.[1]  In a single issue, he asserts that his counsel in a separate misdemeanor assault case provided ineffective assistance by counseling him to plead guilty to the misdemeanor assault, which deprived him of his ability to defend the motion to revoke in this case.  To the extent Clark collaterally challenges his misdemeanor conviction, we lack jurisdiction to consider his collateral attack on that judgment.  Insofar as he asserts that his misdemeanor counsel provided ineffective counsel in this case, we find that the record does not firmly establish Clark's allegations of ineffectiveness.  As a result, we affirm the trial court's judgment.

I.      Background

In June 2019, Clark was indicted for the aggravated assault with a deadly weapon of Karla Oliver.  Initially, the Bowie County Public Defender's Office (BCPDO) was appointed as counsel for Clark.  However, because the BCPDO had also been appointed to represent Oliver, who had been charged with the aggravated assault of Clark, and it had confidential information from its past representations of both Clark and Oliver, the BCPDO moved to withdraw as counsel for both of them.  As a result, another attorney was appointed to represent Clark.  Pursuant to a plea bargain agreement, in September 2019, Clark pled guilty to aggravated assault with a deadly weapon.  In accordance with the agreement, Clark's ten-year sentence was suspended, and he was placed on ten years' community supervision.

---

[1]*See* TEXAS PENAL CODE ANN. § 22.02(a)(2) (Supp.).

Less than five months later, Clark allegedly committed a family violence assault, and the State charged him with a Class A misdemeanor.[2] The State moved to revoke the community supervision in this case based on that assault and Clark's failure to make certain payments required by the terms of his community supervision. Clark was also charged by information with the misdemeanor assault.

Apparently, the BCPDO was initially appointed to represent Clark in both the misdemeanor assault case and the revocation in this case. The BCPDO moved to withdraw as counsel for Clark in this case based on the same conflict of interest that it previously asserted, and new counsel was appointed in this case. However, the BCPDO continued to represent Clark in the misdemeanor assault case.[3]

In August 2020, Clark pled guilty in the misdemeanor assault case, received a 185-day sentence, and was credited with 185 days for time served. At the revocation hearing in this case, thirteen months later, Clark pled true to the State's allegation that he had violated the terms of his community supervision by committing the misdemeanor assault;[4] the State offered a copy of the judgment of conviction in the misdemeanor assault case; and the trial court found the State's allegation true, revoked Clark's community supervision, and sentenced him to ten years' imprisonment.

---

[2]See TEX. PENAL CODE ANN. § 22.01(a)(1), (b) (Supp.).

[3]The record before us does not show whether the BCPDO filed a motion to withdraw in the misdemeanor assault case.

[4]The State dismissed its other allegations.

## II.    Analysis

### A.    To the Extent Clark Seeks to Collaterally Attack the Misdemeanor Assault Judgment,We Lack Jurisdiction to Consider His Complaints

In his brief, Clark asserts that the BCPDO rendered ineffective assistance of counsel in the misdemeanor assault case by (1) representing him in that case even though it withdrew from representing him in this case, (2) failing to investigate whether Clark had other pending charges or revocation proceedings, and (3) giving Clark erroneous advice during plea bargaining.  He also implies that the BCPDO's actions rendered his plea in the misdemeanor assault case involuntary.  These claims were not raised at the revocation hearing in this case, nor were they made in Clark's motion for a new trial.

Clark's notice of appeal states that he appeals "from the judgment rendered against him in this case," i.e., the judgment revoking his community supervision rendered under trial court cause number 19F0546-102.  The notice of appeal, along with the trial court's certification of Clark's right to appeal, invoked our criminal appellate jurisdiction over the judgment entered by the 102nd Judicial District Court of Bowie County in trial court cause number 19F0546-102. *See* TEX. R. APP. P. 25.2(a)(2), (b); *Guerra v. State*, No. 06-19-00240-CR, 2020 WL 3634391, at *2 (Tex. App.—Texarkana July 6, 2020, pet. ref'd) (mem. op., not designated for publication).[5] However, no notice of appeal or certification of his right of appeal has been filed relating to the misdemeanor assault judgment, which was entered under trial court cause number 20M0679 by

---

[5]"Although unpublished cases have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'"  *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

4

the County Court at Law of Bowie County. Consequently, our criminal appellate jurisdiction over that case has not been invoked.

Neither can we consider a collateral challenge to the misdemeanor assault judgment. Only a void judgment may be collaterally challenged. *See Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) ("A void judgment is a 'nullity' and can be attacked at any time."); *Williams v. State*, No. 14-12-00483-CR, 2013 WL 5969666, at *3 (Tex. App.—Houston [14th Dist.] Nov. 7, 2013, no pet.) (mem. op., not designated for publication). "But a judgment is void only in very rare situations[6]—usually due to a lack of jurisdiction." *Nix*, 65 S.W.3d at 668. Neither ineffective assistance of counsel nor the involuntariness of a guilty plea, even if meritorious, renders a judgment of conviction void. *Id.* at 669 (citing *Custis v. United States*, 511 U.S. 485, 496 (1994)). Consequently, we cannot consider Clark's collateral challenges to the misdemeanor assault judgment.

**B.      Clark Did Not Show that His Counsel in the Misdemeanor Assault Case Rendered Ineffective Assistance**

Clark argues that, because of the alleged ineffectiveness of his counsel in the misdemeanor assault case, he was deprived of his ability to defend the motion to revoke in this

---

[6]Although not an exclusive list, the Texas Court of Criminal Appeals has identified four instances in which a judgment of conviction is void:

> when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived.

*Nix*, 65 S.W.3d at 668 (footnotes omitted) (citations omitted).

case. Clark has not cited any authority that holds that a defendant may attack the judgment in one case based on an alleged harm caused by the ineffective assistance of his counsel in an entirely different case, and we have reservations as to the viability of such a claim. Nevertheless, we need not determine this question since even if we assume that such a claim is viable under the unique facts of this case, Clark has not shown ineffective assistance of counsel.

"As many cases have noted, the right to counsel does not mean the right to errorless counsel." *Lampkin v. State*, 470 S.W.3d 876, 896 (Tex. App.—Texarkana 2015, pet. ref'd) (citing *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)). "In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding)). "The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness." *Id.* at 896–97 (citing *Strickland*, 466 U.S. at 688). "This requirement can be difficult to meet since there is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* at 897 (citing *Strickland*, 466 U.S at 689). As a result, "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)).

"The applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence." *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011) (orig. proceeding) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

6

But when an appellate record is silent on why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007) (citing *Rylander*, 101 S.W.3d at 110; *Thompson*, 9 S.W.3d at 814). This is because allegations of ineffectiveness "must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813). When a party raises an ineffective assistance of counsel claim for the first time on direct appeal, the defendant must show that "under prevailing professional norms," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), no competent attorney would do what trial counsel did or no competent attorney would fail to do what trial counsel failed to do, *see Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

"The second *Strickland* prong, sometimes referred to as 'the prejudice prong,' requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different." *Lampkin*, 470 S.W.3d at 897 (citing *Strickland*, 466 U.S. at 694). "'A reasonable probability' is defined as 'a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "A failure to make a showing under either prong defeats a claim for ineffective assistance." *Id.* (citing *Rylander*, 101 S.W.3d at 110–11).

Clark asserts that the BCPDO rendered ineffective assistance of counsel in the misdemeanor assault case by (1) representing him in that case even though BCPDO withdrew from representing him in this case, (2) failing to investigate whether Clark had other pending

7

charges or revocation proceedings, and (3) giving Clark erroneous advice during plea bargaining. The record of the misdemeanor case is not before us; moreover, because Clark did not raise these issues either at the revocation hearing or in a motion for a new trial, there is no testimony by either Clark or his attorney about the misdemeanor assault case to support any of these alleged deficiencies.

As a result, there is no evidence in the record before us showing why the BCPDO did not withdraw from representing Clark in the misdemeanor assault case, or even if it had a basis to do so. In the revocation case before us, the BCPDO withdrew because both Clark and his alleged victim had been charged with aggravated assault against each other, and the BCPDO had been appointed as counsel for both of them. This created an irreconcilable conflict of interest, and withdrawal from representation was required in this case. *See e.g.*, TEX. DISCIPLINARY RULES OF PROF'L. CONDUCT R. 1.06(a), (b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A. However, there is no evidence in the record before us that the BCPDO had ever represented the victim in the misdemeanor assault case such that its representation of Clark would create any conflict of interest. Nor is there any evidence in the record before us that shows that the BCPDO was required to withdraw from its representation of Clark in the misdemeanor assault case on some other basis. For that reason, even if we assume that Appellant's claim is viable, we cannot say that, simply because the BCPDO did not withdraw in the misdemeanor assault case, its representation of Clark was deficient.

Likewise, there is no evidence in the record that the BCPDO in the misdemeanor assault case failed to investigate whether Clark had other pending charges or that it gave Clark

8

erroneous advice during plea bargaining in that case. We are required to presume that counsel's actions in a criminal case were reasonable. *See Mata*, 226 S.W.3d at 431. This would include the presumption that counsel made a reasonable investigation of any pending charges or proceedings and that counsel's advice to Clark took into account the effect his plea would have on those pending charges and proceedings. The Texas Court of Criminal Appeals "has recognized an exception to the presumption of reasonable professional judgment when the complained-of conduct by trial counsel is of a type that no reasonably competent defense attorney would have engaged in for any reason." *Id.* at 428–29 (citing *Vazquez v. Sate*, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992) (per curiam)). However, it is conceivable that counsel in the misdemeanor case thought that by Clark pleading guilty in that assault case, the details of that assault would not be revealed in the revocation proceeding, and that Clark might receive a more favorable outcome in the revocation case if he accepted responsibility for the assault.[7]

For these reasons, assuming that Clark's claim is viable, we find that the record does not firmly establish Clark's allegations of ineffective assistance of counsel and that Clark has failed to rebut the presumption that his counsel's representation was reasonable. *See id.*; *Bone*, 77 S.W.3d at 833 n.13. We overrule Clark's sole issue.

---

[7]At the revocation hearing, Clark's counsel asked the trial court to consider Clark's acceptance of responsibility for the misdemeanor assault and to give Clark a reduced sentence if it revoked community supervision.

9

We affirm the trial court's judgment.


                                        Charles van Cleef
                                        Justice

Date Submitted:     June 14, 2022
Date Decided:       July 6, 2022

Do Not Publish